## CHARLES C. HOWELL v. FREDERICK G. SHEPARD.

*Statute of limitations—Issue of summons—Attachment—Certiorari—Depositions.*

A suit is not begun, for the purposes of the statute of limitations, by merely filling out a summons and leaving it in a justice's office until the return-day, or by retaining it in the plaintiff's custody; it must be issued with the intent that, if practicable, it shall be served.

A justice's summons is not issued if merely delivered to the plaintiff and kept in his hands.

The date of a writ is *prima facie* evidence of the time of its actual issue, and defendant has the burden of proving that it was not then issued.

Comp. L. § 5263, provides that a plaintiff who has taken out an *alias* summons that has been returned not personally served, "may, in further continuance of his suit, have an attachment against the defendant" on which property may be taken. *Held*, that this is an alternative remedy, and that instead of resorting to it the plaintiff may take out successive writs of summons for the purpose of keeping a suit alive under the statute of limitations.

*Certiorari* to a justice is a remedy that will not be encouraged where the alleged errors are such as might be obviated on a trial *de novo* in the circuit, and no intendments will be made in favor of errors assigned on it.

The erroneous admission of a deposition in a trial before a justice is ground for appeal rather than for remedy by *certiorari*.

Error to Kent.   Submitted April 25.   Decided June 14.

ASSUMPSIT.   Defendant brings error.   Affirmed.

*Frank G. Holmes* for appellant.

*Charles C. Howell*, in person, for appellee.

COOLEY, J.   This litigation originated in justice's court, upon a small claim which became due July 25, 1873. Summons was taken out July 24, 1879, but was returned not found.   Successive writs were then taken out, until September 13, 1879, when personal service was obtained, and the defendant appeared and pleaded to the action. The plea was the general issue, with notice that defendant would rely upon the statute of limitations.   This notice presents the principal question in the case.   The justice gave judgment for the plaintiff, and on *certiorari* the circuit court affirmed it.

The question divides itself into two : *First*, whether the suit is to be deemed commenced at the date of the first summons; and *second*, whether it was kept alive by the successive writs afterwards.

The mere filling out of a summons, which is then left in the justice's office until the return-day, or which is taken by the plaintiff and retained in his own custody, is not the commencement of suit.   The writ must not only be made out but it must be issued with the intent that, if practicable, it shall be served.   *Hancock v. Ritchie* 11 Ind. 48.   It is not issued if it is delivered to the plaintiff who retains it in his own hands.   But in the absence of any showing to the contrary the date of the writ is *prima facie* evidence of the time when it was actually issued.   *Gardner v. Webber* 17 Pick. 407, 412; *Bunker v. Shed* 8 Met. 150; *Federhen v.*

*Smith* 3 Allen 119 ; *Ross v. Luther* 4 Cow. 158. The burden of proof is upon the defendant to show that the writ was not actually issued on the day it bears date. *Day v. Lamb* 7 Vt. 426. This showing was not made.

The question whether successive writs of summons could keep the suit alive, is made upon the statute. The statute provides for an *alias*, and further that if the *alias* is returned not personally served, " the plaintiff may, in further continuance of his suit, have an attachment against the defendant." Comp. L. § 5263. On this attachment property may be taken. But this is an alternative remedy, and the plaintiff, instead of resorting to it, may pursue the course which he took here.

There is still a further error assigned ; namely, that the justice admitted in evidence a deposition which was taken on insufficient notice. The deposition does not appear in the return, and may, for anything that does appear, have been of no moment in the case. If the defendant considered himself wronged by its reception, he should have appealed. The remedy by *certiorari* is not one to be encouraged when the alleged errors are such as might have been obviated on a trial *de novo* in the circuit, and nothing will be taken by intendment in favor of errors assigned upon it.

The judgment is affirmed with costs.

CAMPBELL and MARSTON, JJ. concurred.