102 52
| 120 605
102 52
136 ¹ 45
102 52
·f144 ³653
102 52
f146 ²711
102 52
149 ²288

FRANCIS L. PECK AND EDWARD H. CUTLER v. THE GERMAN FIRE INSURANCE COMPANY.

*Fire insurance—Action on policy—Limitation—Commencement of suit—Summons—Amendment.*

1. Where a fire insurance policy provides that no suit or action thereon for the recovery of any claim shall be sustainable unless commenced within 12 months next after the fire, a suit cannot be maintained unless it is in fact commenced within the year specified in the policy; citing *Steele v. Insurance Co.*, 93 Mich. 81; *Law v. Association*, 94 Id. 266; *Lentz v. Insurance Co.*, 96 Id. 455.

2. The commencement of suit in the circuit court by summons consists of suing out the summons, and delivering or transmitting it to an officer of the proper county, with the *bona fide* intention of having it served.

3. A circuit court summons, issued on the day after the return-day of a former summons issued in the same case, which has not been returned, cannot be treated as an *alias;* citing *Johnson v. Mead*, 58 Mich. 71.

4. One day prior to the expiration of the year limited for bringing suit upon a fire insurance policy, a summons was issued from the circuit court, and sent by the clerk to the attorneys for the plaintiff, who, through an oversight, failed to transmit it to the sheriff of the proper county for service. And it is held that the right of action was not saved by the issuance, one day after the return-day of said writ, of a second summons, tested as of the day of issuance of the first summons, and its service upon the insurance company.

5. The fact that the first summons was not made returnable on the first Tuesday of any month, or on any day in term, is unimportant; and the clerk had no authority, on his own motion, to make so radical an amendment as was attempted by the issuance of the second summons.

Error to Wexford. (Aldrich, J.) Argued June 26, 1894. Decided September 25, 1894.

*Assumpsit.* Defendant brings error. Reversed, and no new trial granted. The facts are stated in the opinion.

*Mark Norris,* for appellant.

*Dunham & Preston,* for plaintiff.

MONTGOMERY, J. This is an action upon a fire insurance policy containing the following provision:

" No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless commenced within 12 months next after the fire."

There is no testimony showing any waiver of this provision. On the contrary, the defendant promptly denied liability, and returned the proofs of loss immediately upon their being furnished. The suit cannot therefore be maintained unless it was in fact commenced within one year from the time of the fire. *Steele v. Insurance Co.,* 93 Mich. 81; *Lentz v. Insurance Co.,* 96 Id. 445; *Law v. Association,* 94 Id. 266.

The fire occurred May 26, 1892. On the 25th day of May, 1893, plaintiffs' attorneys telegraphed the clerk of the court to issue a summons, which he did, making the same returnable June 27, 1893. The summons was sent to the plaintiffs' attorneys on the same day. On the return-day of the writ the plaintiffs' attorneys wrote the following letter to the clerk:

"*Dear Sir:* ' Just at the time of the receipt of inclosed summons, I went to Lansing, afterwards to Chicago, then to Newaygo, then to Paw Paw, and by reason of these trips I forgot to send the summons to Lansing for service. I return them to you, and ask you to change the date, advancing the return-day 15 or 20 days in the future, and be sure to make it come within the rule, leaving the date of issue the same, as at present, or else make out an entirely new one of the same date; and be kind enough to enclose an additional copy, as one has to be sent to the insurance company and the other to the insurance commissioner."

The clerk thereupon, upon the receipt of this letter, made

out a new summons, dating it back to May 25, and making the return-day July 11. This writ was delivered to the sheriff July 3, and served July 5, 1893. The first summons was never delivered to the sheriff of the proper county. An attempt was made to excuse this by showing that it was sent to the sheriff of Ionia county instead, but the evidence does not show that this error was not discovered in time to have enabled the plaintiffs' attorney to correct the error, and the fair inference from the letter which he wrote to the clerk is that the failure to transmit the summons to the proper sheriff was an oversight.

The commencement of suit consists of suing out the summons, and delivering or transmitting it to an officer, with the *bona fide* intention of having it served. 13 Amer. & Eng. Enc. Law, 746; *Howell v. Shepard*, 48 Mich. 472; Ang. Lim. § 312; *Insurance Co. v. Schroeder*, 9 Ill. App. 472; *Hancock v. Ritchie*, 11 Ind. 48; *Ross v. Luther*, 4 Cow. 158. The plaintiffs sought to avoid the force of this rule by claiming that the 27th of June was neither the first Tuesday in any month nor any day in term, and hence not a return-day. It is difficult to see how this affects the plaintiffs' position. The second summons was not issued until June 28, 32 days after the term of limitation had expired. It cannot be treated as an *alias*. *Johnson v. Mead*, 58 Mich. 71. Nor are we aware of any authority for the clerk, on his own motion, to make so radical an amendment. The court itself would not have been authorized to make such an amendment on the strength of the letter of plaintiffs' attorney above quoted.

While the case may be one of some hardship, we think the settled rules of law require that the judgment be reversed, and no new trial ordered.

McGRATH, C. J., GRANT and HOOKER, JJ., concurred. LONG, J., did not sit.