DEDENBACH v. CITY OF DETROIT.

LIMITATION OF ACTIONS — COMMENCEMENT OF SUIT — DETROIT CHARTER.

The commencement of suit consists in suing out the summons and delivering or transmitting it to an officer with the bona fide intention of having it served; and where the summons in a negligence case against the city of Detroit was not issued until November 15, 1904, the accident having occurred November 16th of the previous year, and not delivered to an officer until December 3d following, the action was barred. Detroit charter, § 279, compilation of 1904.

Error to Wayne; Donovan, J. Submitted November 14, 1906. (Docket No. 143.) Decided December 21, 1906.

Case by Appoline Dedenbach against the city of Detroit for personal injuries. There was judgment for defendant on a verdict directed by the court, and plaintiff brings error. Affirmed.

*Barnes & Stowers,* for appellant.

*J. Walter Dohany* (*Timothy E. Tarsney,* of counsel), for appellee.

HOOKER, J. The appellant was plaintiff in a negligence case commenced against the city of Detroit by sum-

mons issued November 15, 1904, said to have been served the same day upon the city controller, but not by an officer; it appearing that the writ was not placed in the hands of an officer until December 3, 1904. Upon that day the officer served it upon the city clerk. The injury complained of occurred on November 16, 1903. The plea was the general issue, with notice that the action was not commenced within one year from the time when the injury was received, as required by section 279 of the charter of Detroit, compilation of 1904. A verdict was directed for the defendant, and the plaintiff has appealed.

It is not contended that the service upon the controller was valid. This case is clearly within the rule laid down in the case of *Peck* v. *Insurance Co.*, 102 Mich. 52; i. e., that "the commencement of suit consists of suing out the summons, and delivering or transmitting it to an officer with the bona fide intention of having it served." Such is believed to be the rule generally in this country. See authorities cited in *Peck* v. *Insurance Co.*, supra. In Angell on Limitations, § 312, the rule is stated as follows:

"The general rule appears to be, in this country, that, at the time of suing out of the writ, the action commences; and either, when the writ is delivered to the sheriff, or to his deputy; or when it is sent to either of them, with a bona fide intention to be served upon the defendant, it is considered to have issued."

Counsel for the plaintiff rely upon the case of *Harvey* v. *Insurance Co.*, 120 Mich. 606, construing it to hold that delivery of the writ to the officer within the year is not essential, if it be actually issued within that period, with bona fide intent that it shall be delivered to the officer for service within the year. If that is a necessary conclusion, the case should be overruled in that particular, as at variance with the correct rule stated in *Peck* v. *Insurance Co.*, supra.

The judgment is affirmed.

CARPENTER, C. J., and MONTGOMERY, OSTRANDER, and MOORE, JJ., concurred.