STEVENS *v.* OTTAWA PROBATE JUDGE.

1. CERTIORARI—TO CIRCUIT COURT—RETURN—BY WHOM MADE.
   Where, upon certiorari to the circuit court to review its action in refusing to issue a mandamus, a question arises as to what was submitted to the court for its consideration upon the hearing, the circuit judge is the only party who has authority to determine that question, the clerk being only able to certify to the files and records in his custody, and the judge should, therefore, make the return.

2. SAME—RETURN—IMMATERIAL MATTERS—STRIKING FROM FILES —MOTION—PROPRIETY.
   A motion to strike from the files, because of the inclusion of immaterial matters, a return to a writ of certiorari made by the circuit judge, was denied, since the immaterial matters could be excluded upon the hearing.

Mandamus by Frederick W. Stevens, guardian ad litem of Edward P. Ferry, to compel Edward P. Kirby, probate judge of Ottawa county, to approve an appeal bond. There was an order denying the writ, and relator brings certiorari: On motions to require the clerk of the court to make return to the writ, and to strike from the files a return later filed by the circuit judge. Submitted October 13, 1908. (Calendar No. 23,052.) Motions denied November 2, 1908.

*Taggart, Denison & Wilson* and *Kingsley & Wicks,* for the motions.

*Butterfield & Keeney* and *Walter I. Lillie,* contra.

PER CURIAM. This court issued a writ of certiorari, directed to the judge of the circuit court for the county of Ottawa, to review the action of the circuit court in refusing to issue the writ of mandamus to the judge of probate of said county. The writ was served upon the clerk of the circuit court. He declined to make a return for the reason that, in his opinion, it was the duty of the circuit

judge to make the return, as the writ was directed to him. The relator then made a motion in this court for an order directing the clerk to make the return. Meanwhile the writ was sent to the circuit judge, who has made a return, returning all the records and proceedings specified in the petition for the writ of certiorari, and also other proceedings, and has incorporated in it denials of certain matters alleged in the relator's petition, and has incorporated other documents which he returns were submitted to him, and were considered in his decision denying the writ of mandamus. The relator then made another motion in this court moving to strike the return from the files. Inasmuch as the relator now has before the court all the papers and proceedings which he asked for, the question of whether the writ should be served upon the clerk of the court or upon the circuit judge is purely academic.

We may say, however, that, where a question arises as to what was submitted to the court for its consideration upon the hearing, the circuit judge is the only party who has authority to determine that question. The clerk cannot do it. He could only certify to the files and records in his custody. In this case, therefore, we think the circuit judge is the proper party to make the return. The court now has the entire record before it. If the circuit judge has returned immaterial matters, they will be excluded upon the hearing. The assertions or denials of, or conclusions reached by, the circuit judge based upon the evidence are not an essential part of the return, and will not be considered except so far as they are based upon the record. We therefore see no occasion to determine under what conditions a writ of certiorari should be served upon the clerk and when upon the circuit judge. Neither do we think it essential now to examine this extremely large record to determine whether any portion of the return should be stricken from the files. All these questions can be taken care of when the case is heard upon the merits.

The motions are therefore denied.