## TAYLOR *v.* MATHEWS.

ACTION—JUDICATURE ACT—WHEN SUIT COMMENCED.
>  Under the judicature act (3 Comp Laws 1915, § 12425) conferring on any person of suitable age and discretion the right to serve process, a suit was commenced when the clerk of the court issued a summons and delivered it to a person qualified to serve it.

Error to Muskegon; Vanderwerp (John), J. Submitted June 7, 1923. (Docket No. 63.) Decided July 19, 1923.

Case by William V. Taylor against William O. Mathews, sheriff of Muskegon county, for permitting an escape under a *capias ad satisfaciendum.* Judgment for plaintiff on a directed verdict. Defendant brings error. Affirmed.

*Macdonald & Macdonald,* for appellant.

*Bunker & Rogoski,* for appellee.

BIRD, J. Plaintiff recovered a judgment of $1,087.91 against one Harry S. Stanton in an action of tort in the Muskegon circuit court. Being unable to realize anything on an execution against his goods and chattels, plaintiff caused him to be arrested and confined on a *capias ad satisfaciendum.* Stanton subsequently gave a bond to the sheriff and was admitted to the jail limits. Afterward, and on the 29th day of July, 1922, Stanton went beyond the limits of the county to Big Rapids, and did not return to the county until evening. Plaintiff learned that Stanton was out of the county and advised his counsel, whereupon Mr. Rogoski, one of them, went to the court house and took out a summons against the sheriff for permitting Stanton to escape. On Monday, July 31st, the summons was placed in the hands of the coroner and on the same day he served it on defendant. The defense was the general issues with notice that Stanton returned to the limits of the county before the suit was commenced. The case was tried out and plaintiff recovered a judgment against defendant for the amount of his judgment and costs against Stanton.

Defendant has assigned error and insists the trial court was in error in refusing to direct a verdict in his behalf. Defendant's point is this: That suit was not commenced until the summons was placed in the hands of the coroner for service. This was on July 31st, and before that time Stanton had returned to the

county.    Plaintiff contends, and the court held, that the suit was commenced when the summons was issued and delivered to Mr. Rogoski.

There appears to be very little variance between counsel either on the facts or on the law up to the time the judicature act took effect.    Plaintiff calls attention to the following section of the judicature act:

"All civil process at law, or in equity, issued from any court of record, except process requiring the arrest of any person, or the seizure of property, may be served by any person of suitable age and discretion, and proof of service shall be made by the affidavit of the person making such service, except when such service is made by an officer of the court authorized to serve process, when his certificate of service shall be sufficient proof thereof."    3 Comp. Laws 1915, § 12425.

Plaintiff's reasoning is that after this section was passed, when the clerk of the court issued a summons and delivered it to a qualified person to serve, the suit was commenced, and he asserts, without contradiction, that Mr. Rogoski was a person qualified to serve it. We are impressed that this reasoning is sound.    Prior to the passage of the judicature act no one but an officer could make a valid service of a summons, and the court held that when it was placed in his hands for service with a *bona fide* intention to have it served the suit was commenced.    *Howell* v. *Shepard*, 48 Mich. 472; *Peck* v. *Insurance Co.*, 102 Mich. 52; *Dedenbach* v. *City of Detroit*, 146 Mich. 711; *People, ex rel. McCallum*, v. *Gebhardt*, 154 Mich. 504.    The legislature then broadened the statute and provided that any person of suitable age and discretion might serve it. If the prior holdings were correct, that suit was commenced when the summons was placed in the hands of an officer qualified to serve it, why does it not follow that suit is commenced when the summons is placed in the hands of a layman of suitable age and discretion?

If this be not true, would we not be obliged to hold that where a layman served the summons the suit would not be commenced until service was actually made? There would appear to be no good reason for saying that suit was commenced when the summons was placed in the hands of an officer qualified to serve it, and that it was not commenced when the summons was placed in the hands of a layman, who was qualified under the statute to make the service.

Counsel argue that it did not appear affirmatively that plaintiff took out the summons "with a *bona fide* intention of having it served." We think this is answered by the fact that plaintiff's counsel caused the summons to be issued and afterwards caused the same to be served upon defendant.

Counsel further argue that section 12425, heretofore quoted, was not intended to authorize laymen to serve a summons unless authorized by the court under the provisions of the following section, 12426. The latter section authorizes the circuit judge to appoint some disinterested person to serve process in certain cases, and counsel think that these two sections should be construed together. We cannot accept this view. Section 12425, in unmistakable language, confers the right upon laymen of suitable age and discretion to serve process which does not involve the arrest of a person or the seizure of property.

The trial court reached the proper conclusion and the judgment will be affirmed.

WIEST, C. J., and FELLOWS, MCDONALD, CLARK, SHARPE, MOORE, and STEERE, JJ., concurred.