DAVIS v. BERES

1. STATUTES—CONSTRUCTION.

Statutes are to be construed as they were intended to be understood when they were passed and are to be read in the light of attendant conditions and the state of the law existent at the time of their enactment; the words of a statute must be taken in the sense in which they were understood at the time when the statute was enacted.

2. LIMITATION OF ACTIONS—INTOXICATING LIQUORS—DRAMSHOP ACT —PROCESS—STATUTES—CONSTRUCTION.

An action under the dramshop act was "instituted" prior to expiration of the two-year period of limitation where, six

REFERENCES FOR POINTS IN HEADNOTES

[1] 50 Am Jur, Statutes § 236.
[2] 45 Am Jur 2d, Intoxicating Liquors § 589; 51 Am Jur 2d, Limitation of Actions §§ 208, 213.
   50 Am Jur, Statutes § 236.

days prior to expiration of that period, plaintiffs filed their
complaint and delivered the complaint and summons promptly
to the county sheriff for immediate service; since this is the
presumptive sense in which the words employed in an amend-
ment to that act were understood when the amendment was
considered and enacted (MCLA § 436.22).

Appeal from Court of Appeals, Division 2, J. H.
Gillis, P. J., and Danhof and O'Hara, JJ., affirming
Oakland, Arthur E. Moore, J. Submitted April 6,
1971. (No. 5 April Term 1971, Docket No. 52,909.)
Decided May 3, 1971.

24 Mich App 130 affirmed.

Complaint by Grant Davis and Hazel Davis
against Julius Beres under the dramshop act for
damages for personal injuries. Defendant appealed
to the Court of Appeals. Affirmed. Defendant
appeals. Affirmed.

*Smith, Magnusson & Anderson,* for plaintiffs.

*Bell, Hertler & Hopkins,* for defendant.

PER CURIAM. In 1958, by amendatory Act No 152,
the Legislature declared a specific time limitation
against the institution of actions provided by our
dramshop statute (MCLA § 436.22 [Stat Ann 1971
Rev § 18.993]). The limitation read then and reads
now:

"Any action shall be instituted within 2 years after
the happening of the event."

On appeal granted (383 Mich 814) to review the
decision of Division 2 (*Davis* v. *Beres* [1970], 24
Mich App 130), the appellant-defendant avers upon
appellee-accepted facts that the instant dramshop

action was not *instituted* or—synonymously—*commenced* within the time allowed by the quoted limitation.[1]

November 20, 1968 plaintiffs filed their complaint. It alleges that on November 26, 1966, one Dale Owen, then and there intoxicated in the defendant's bar, was furnished more intoxicating liquor by defendant and, shortly thereafter, that he drove his motor vehicle negligently and while yet intoxicated to the personal injury of each plaintiff.

The complaint and summons were delivered promptly to the county sheriff. It is not questioned that the papers were in good faith placed in his hands for immediate service. Service was made December 2, 1968.

Defendant moved for accelerated judgment alleging that the action was barred for failure of *service* prior to expiration of the quoted two-year period. Plaintiffs responded and now respond much as Division 2 did by testing applicability of the quoted limitation, not as one of interpretation and application of the amendatory section but, rather, by interpreting and applying to it specific provisions of the RJA and GCR 1963. For details of this approach, see 24 Mich App at pp 132–135.

Was this action "instituted" within two years after the date of the "happening of the event" which gave rise to plaintiffs' statutory cause? The question depends upon what the Legislature intended, in 1958, by "instituted." It is not answerable by what took place later, in 1963, when the RJA and GCR became effective. Our rightful answer is found by looking at the legal situation, and the professional

---

[1] We agree with Division 2's conclusion that "instituted" and "commenced" mean the same in today's context. See 24 Mich App at 132; also Black's view of "institute" (Black's Law Dictionary [4th ed] p 940), citing cases and defining the verb as "To inaugurate or commence; as to institute an action."

parlance of 1958 and decades prior thereto, for the legislative purpose.

In 1940 our Court adopted and applied this rule of statutory construction, the then adoptive parent being Ruling Case Law (25 RCL, § 215, p 959):

" 'There is always a tendency, it has been said, to construe statutes in the light in which they appear when the construction is given. It is easy to be wise after one sees the results of experience. The true rule is that statutes are to be construed as they were intended to be understood when they were passed. Statutes are to be read in the light of attendant conditions and the state of the law existent at the time of their enactment. The words of a statute must be taken in the sense in which they were understood at the time when the statute was enacted.' " (Quotation taken from *Wayne County Board of Road Commissioners* v. *Wayne County Clerk* [1940], 293 Mich 229, 235, 236).

We applied it again in *Husted* v. *Consumers Power Company* (1965), 376 Mich 41, 54. The rule originated when *Platt* v. *Union Pacific R. Co.* (1878), 99 US 48, 63, 64 (25 L Ed 424) was handed down. It appears textually now in 50 Am Jur, Statutes, § 236, p 224. The concluding sentence of § 236 reads:

"Since, in determining the meaning of the terms of a statute, the aim is to discover the connotation which the legislature attached to the words, phrases, and clauses employed, the words of a statute must be taken in the sense in which they were understood at the time when the statute was enacted, and the statute must be construed as it was intended to be understood when it was passed."

When the amendment of 1958 was conceived and considered, a law action was commonly spoken of and regarded as having been instituted in bar of

limitation where, within the statutorily allowed period, the plaintiff's praecipe for summons was filed, the summons was issued, and that summons was placed in the hands of an authorized person with the bona fide intention of having it served.[2]

Cases uniformly attesting the above are *Howell v. Shepard* (1882), 48 Mich 472; *Peck v. German Fire Insurance Company* (1894), 102 Mich 52; *Harvey v. Detroit Fire & Marine Insurance Co.* (1899), 120 Mich 601; *Dedenbach v. Detroit* (1906), 146 Mich 710; *Taylor v. Mathews* (1923), 224 Mich 133; *People's Mortgage Corporation v. Wilton* (1926), 234 Mich 252; *Home Savings Bank v. Young* (1940), 295 Mich 725; *Nathan v. Rupcic* (1942), 303 Mich 201 and *Korby v. Sosnowski* (1954), 339 Mich 705. Such was the law in 1958, and such is the presumptive sense in which the words employed in the quoted amendment were understood when Act 152 was considered and enacted.

Our ruling is that this suit was "instituted" prior to expiration of the two-year period, six days prior to such expiration. It follows that defendant's motion for acceleration was properly denied.

*To conclude:*

Neither *Maschmeyer* ([1965], 376 Mich 289), nor *Holland* ([1964], 373 Mich 34), have proper application to today's question.

*Maschmeyer,* inconclusive for want of five endorsers of any opinion, dealt with the specific language of the mechanics' lien law, the requirement of which was and yet is the filing of a "bill in chancery, under oath, and notice of *lis pendens*

---

[2] If under former practice the plaintiff chose to file his declaration with notice to plead, then he was required correspondingly and as promptly to place a copy of the declaration and a copy of the notice to plead in the hands of an authorized person for service, in order to have his action commenced on time. See CL 1948, § 613.4 (Stat Ann § 27.734) as then citable.

recorded in the office of the register of deeds"
(MCLA § 570.10 [Stat Ann 1970 Rev § 26.290]).

As for *Holland,* the causes there arose February
8, 1960. The four suits were instituted by the filing
of four declarations on February 14, 1962; six days
late by any view of § 436.22. No "savings provi-
sions" of any other statute are here involved, we
having found that the instant action was *instituted*
six days ahead of the two year cutoff date.

Affirmed. Costs to plaintiffs.

T. M. KAVANAGH, C. J., and BLACK, ADAMS, T. E.
BRENNAN, T. G. KAVANAGH, SWAINSON, and WILLIAMS,
JJ., concurred.