SHEPARD v KAYLER

Docket No. 77220. Submitted January 18, 1985, at Detroit.—Decided February 20, 1985. Leave to appeal applied for.

Gaylord "Mark" Shepard was injured in an automobile accident on July 13, 1981. Gaylord and Judith A. Shepard brought an action against Michael C. Kayler in the Wayne Circuit Court. Venue was changed to the Oakland Circuit Court. On July 11, 1983, plaintiffs filed an amended complaint naming Oakland Hills Country Club as a defendant. The same day a summons was issued and the complaint and summons were turned over to an independent process server with explicit instructions to immediately serve process on Oakland Hills. Service was made on Oakland Hills on July 15, 1983. The court, Fred M. Mester, J., granted accelerated judgment for Oakland Hills because service was not effected on Oakland Hills before the expiration of the two-year limitation period. Plaintiffs appealed. *Held:*

An action under the dramshop act is timely where, within two years of the injury or death, the complaint is filed, the summons is issued and process is placed in the hands of a person authorized to serve process with the bona fide intent of having it served. All was completed before the expiration of the statutory period.

Reversed.

LIMITATION OF ACTIONS — DRAMSHOP ACT.

An action under the dramshop act is timely where within two years of the injury or death, the complaint is filed, the summons is issued and process is placed in the hands of a person authorized to serve process with the bona fide intent of having it served.

*Gary Howard,* for plaintiff.

REFERENCES FOR POINTS IN HEADNOTE

45 Am Jur 2d, Intoxicating Liquors §§ 561 *et seq.,* 589.

51 Am Jur 2d, Limitation of Actions § 210.

Tolling of statute of limitations where process is not served before expiration of limitation period, as affected by statutes defining commencement of action, or expressly relating to interruption of running of limitations. 27 ALR2d 236.

*Richard L. Hamlyn,* for defendant.

Before: CYNAR, P.J., and BEASLEY and R. E. ROBINSON,* JJ.

PER CURIAM. Plaintiffs filed an amended complaint naming Oakland Hills Country Club as a defendant in a dramshop action. Defendant Oakland Hills moved for accelerated judgment based on the limitation period stated in the dramshop statute. Accelerated judgment was granted to Oakland Hills. Plaintiffs appeal to this Court as of right. We reverse.

Plaintiff Gaylord "Mark" Shepard was injured in an automobile accident with defendant Michael Kayler on July 13, 1981. On April 14, 1983, a complaint and interrogatories were filed in Wayne County Circuit Court. Venue was changed to Oakland County Circuit Court. An order compelling answers to the interrogatories was entered June 28, 1983. Plaintiffs received answers to the interrogatories on July 8, 1983. The answers revealed Oakland Hills' potential dramshop liability. Plaintiffs filed an amended complaint naming Oakland Hills as a defendant on July 11, 1983; this was two days before the limitation period expired. The same day a summons was issued and the complaint and summons were turned over to an independent process server with explicit instructions to immediately serve process on Oakland Hills. Service was made on Oakland Hills on July 15, 1983. Accelerated judgment was granted to Oakland Hills on June 18, 1984, because service was not effected before the expiration of the two-year limitation period in the statute.

The issue is whether this suit was commenced

* Former circuit judge, sitting on the Court of Appeals by assignment.

within the two-year limitation period stated in MCL 436.22; MSA 18.993, which provides in pertinent part:

"An action shall be instituted within 2 years after the injury or death and all factual defenses open to the alleged intoxicated person or minor shall be open and available to the principal and surety."

In *Davis v Beres,* 384 Mich 650; 186 NW2d 567 (1971) the Court stated that the terms "commence" and "institute" are synonymous for purposes of the dramshop act. The Court stated that, when a statute is construed, legislative intent must be considered. Language in the statute must be construed in light of its legal meaning at the time the statute was enacted. *Davis, supra,* pp 652-653.[1] The Court stated:

"When the amendment of 1958 was conceived and considered, a law action was commonly spoken of and regarded as having been instituted in bar of limitation where, within the statutorily allowed period, the plaintiff's praecipe for summons was filed, the summons was issued, and that summons was placed in the hands of an authorized person with the bona fide intention of having it served." *Davis, supra,* pp 653-654.

The term "institute" was carried forward by the Legislature when the statute was reenacted by 1980 PA 351, § 1. This indicates that the Michigan Supreme Court's construction of the term "institute" was approved of by the Legislature, otherwise a different term would have been substituted in 1980 PA 351.

---

[1] The Court implicitly rejected the analysis offered by the Court of Appeals in the case. *Davis v Beres,* 24 Mich App 130; 180 NW2d 111 (1970). The Michigan Supreme Court stated it was improper to infer legislative intent from subsequent enactments such as the General Court Rules of 1963 and the Revised Judicature Act MCL 600.5836; MSA 27A.5856.

Using the Supreme Court's test to determine if this action is instituted under *Davis* the record clearly shows that before the limitation period had expired every element of the test had been met with the possible exception of placing the complaint and summons in the hands of "an authorized person". The question becomes: who is an "authorized person"? Defendant suggests that an action can only be commenced or instituted under *Davis* if the process is placed in the hands of a sheriff or other court officer.[2] In *Davis* the Court noted that an action is commenced when legal process is placed in the hands of a person authorized to make service. The Court then cited a number of cases supporting this proposition. The older cases cited required that service, in order to be effective, must be made by an "officer", *i.e.,* sheriff.[3] Later cases are not so specific in their requirements. In 1958, when the statute was enacted, a person authorized to serve process was the same as a person authorized under current practice. In *Taylor v Mathews,* 224 Mich 133, 135-136; 194 NW 533 (1923), it was stated:

"Prior to the passage of the judicature act no one but an officer could make a valid service of a summons, and the court held that when it was placed in his hands for service with a *bona fide* intention to have it served the suit was commenced. *Howell v Shepard,* 48 Mich 472 [12 NW 661 (1882)]; *Peck v [The German Fire] Insurance Co,* 102 Mich 52 [60 NW 453 (1894)]; *Dedenbach v*

---

[2] We reject this argument. If a dramshop action can only be commenced by placing process in the hands of a sheriff, innumerable dramshop actions have been improperly commenced. We do not believe that the Legislature intended that a dramshop action can only be commenced when process is served by a sheriff. See, *Taylor v Mathews,* 224 Mich 133, 135-136; 194 NW 533 (1923), *infra.*

[3] *Howell v Shepard,* 48 Mich 472; 12 NW 661 (1882); *Peck v The German Fire Ins Co,* 102 Mich 52; 60 NW 453 (1894); *Harvey v Detroit Fire & Marine Ins Co,* 120 Mich 601; 79 NW 898 (1899); *Dedenbach v Detroit,* 146 Mich 710; 110 NW 60 (1906).

*City of Detroit,* 146 Mich 710 [110 NW 60 (1906)];
*People, ex rel McCallum v Gebhardt,* 154 Mich 504 [118
NW 17 (1908)]. The legislature then broadened the
statute and provided that any person of suitable age
and discretion might serve it. If the prior holdings were
correct, that suit was commenced when the summons
was placed in the hands of an officer qualified to serve
it, why does it not follow that suit is commenced when
the summons is placed in the hands of a layman of
suitable age and discretion? If this be not true, would
we not be obliged to hold that where a layman served
the summons the suit would not be commenced until
service was actually made? There would appear to be
no good reason for saying that suit was commenced
when the summons was placed in the hands of an
officer qualified to serve it, and that it was not com-
menced when the summons was placed in the hands of
a layman, who was qualified under the statute to make
the service."

Our conclusion is that for purposes of MCL 436.22;
MSA 18.993 an action is instituted when the com-
plaint is filed, the summons is issued and process
is placed in the hands of a person authorized to
serve process with the bona fide intent of having it
served. That was the means by which a suit was
instituted when the statute was enacted; it must
be the means by which a suit is commenced today.

Defendant suggests that this conclusion is at
odds with MCL 438.22c; MSA 18.993(3), which
provides for service where service has not been
otherwise effected. That statute provides substitute
service where it is shown service could not be
effectuated for thirty days. It requires that a re-
turn must be made from a sheriff or constable
stating that service could not be made. That stat-
ute has no application here. Our holding does not
create an inconsistency. In order to avail himself
of the service provisions of § 22c, the plaintiff must

still have a return from a sheriff before the com-
mission may be served in a defendant's stead. Our
holding is thus in harmony with § 22c.

The trial court is reversed.