PATRICK H. SHERIDAN v. JACOB CAMERON AND HARRIET CAMERON.

*Mechanic's lien—Petition—Prayer for process—Equity—Statutory lien.*

1. Where a petition for the enforcement of a mechanic's lien filed under How. Stat. § 8382[1], shows upon its face who the parties defendant are, and brings them within the statute, the omission of a prayer for process is immaterial.

2. The chancery rule which requires the prayer for process to identify the parties would not make a bill *fatally* defective for the want of it if they are otherwise identified.

3. The filing of a bill or petition is the beginning of a suit under the mechanic's lien law, the service of process being only a step in the cause.

4. Proceedings in equity are always understood as commenced when the bill is filed.

5. A purely *statutory* lien must conform *exactly* to the statutory conditions; but when it once attaches, and is put in process of foreclosure, the proceedings, while in part definitely fixed, are nevertheless in important particulars left to the general course of practice. No construction should be strained at in order to

---

[1] Repealed by Act No. 270, Laws of 1887, which repeals all existing laws and provides a more perfect remedy.

defeat them, but the rights of all parties should be harmonized and respected as far as is reasonably practicable.

Appeal from Manistee. (Judkins, J.) Argued April 20, 1887. Decided April 28, 1887.

Bill to enforce mechanic's lien. Defendants appeal from decree overruling plea to the jurisdiction. Decree affirmed. The facts are stated in the opinion.

*A. V. McAlvay* and *A. J. Dovel,* for complainant.

*Dunlap & McPherson* and *Ramsdell & Benedict,* for defendants.

CAMPBELL, C. J. Complainant began proceedings to enforce a mechanic's lien, which are attacked on the ground that they were prosecuted too late and irregularly. An objection made to the affidavit of lien turned out to have been mistaken, and need not be mentioned.

The affidavit was filed April 30, 1885. Within the statutory period of 60 days, upon June 20, a petition in chancery was filed, which is claimed to be defective in not containing a prayer for process. A notice of *lis pendens* was filed after the 60 days expired, upon the tenth of July, 1885. Subpœna was issued in October, 1885. On the sixteenth of November, 1885, Dunlap & McPherson, as solicitors, entered a general appearance in the case, and on the fourteenth of January, 1886, filed an unsworn plea, setting up in defense the delay in the issue of subpœna, and the defect in prayer for process, and the consequent failure to begin legally correct proceedings. This was replied to, and the case heard without further proofs, and decree rendered for complainant.

On the ninth of December, 1885, Ramsdell & Benedict, by special appearance as solicitors, made a motion to quash the proceedings, which was not passed upon, as defendants had already appeared by other solicitors.

No denial or issue was made on the merits, and the whole controversy turns on the seasonable prosecution of the proceedings.

There is no force in the objection concerning the prayer for process. The petition shows upon its face who the parties defendant are, and brings them within the statute. The chancery rule which requires the prayer for process to identify the parties would not make a bill fatally defective for the want of it if they are otherwise identified, and the statute does not require any such particularity. It permits a petition as well as a bill, and is silent as to process. While a subpœna is perhaps the most appropriate notice, we are not prepared to say it is necessary.

We think the filing of a bill or petition is the beginning of the suit, and that the service of process is only a step in the cause. If this were not so, a mechanic's lien could never be enforced against an absent defendant who should need to be brought in by publication. The 60 days would elapse before service legally completed. It is always understood that proceedings in equity are deemed commenced when the bill is filed. The fact that the statute (section 8382) makes provision for further notice, where a party has had insufficient notice, indicates that, when the statute requires proceedings to be begun within 60 days, it means no more than the filing of the proper bill or petition, leaving all other questions to be disposed of by the general rules of equity.

The plea does not set up a failure to file notice of *lis pendens* as a defense, and it is not, therefore, in issue. But, taking the whole statute together, it seems that its chief purpose is to bind subsequent interests, and to serve the same purpose as notices of *lis pendens* under the general chancery practice. At all events, no other purpose is indicated on the face of the statute, and it hardly seems necessary as against the original parties to the bill, unless possibly during the interval before service of process or other notice to come in.

We are not called upon, as the pleadings are framed, to consider this question definitely.

The claim made that the lien law is to be rigidly construed is not correct in the full extent claimed. There is no doubt that a purely statutory lien must conform exactly to the statutory conditions; but when it once attaches, and is put in process of foreclosure, the proceedings, while in part definitely fixed, are nevertheless in important particulars left to the general course of practice. No construction should be strained at in order to defeat them, but the rights of all parties should be harmonized and respected as far as is reasonably practicable.

The proceedings are valid, and must be affirmed, with costs.

The other Justices concurred.