HENRY STEVENSON ET AL. V. FRANCES KURTZ AND JOSEPHINE STEVENSON.

*Equity practice— Revivor— Pleading— Description of premises— Infants—Guardian ad litem—Fraud.*

1. Where a mortgagor dies after a bill has been filed to foreclose the mortgage, but before he is served with subpœna, the suit can be revived by petition against his heirs; citing *Gordon v. Tyler*, 53 Mich. 629.

2. A foreclosure bill which describes the mortgaged premises as "Lot No. 6 of Backus' Subdivision of Out-lot No. 8 of the Woodbridge Farm," when the number of the out-lot should have been given as 87, and which fully identifies the property involved, is not fatally defective as to description.

3. It is sufficient that an order of revivor, made on the suggestion of the death of a defendant in a chancery suit, recites the petition upon which it is based.

4. A petition for the appointment of a guardian *ad litem*, purporting to have been signed by the infants, and calendar entries showing that on the day it was filed the order prayed for was made, and an answer signed by the guardian *ad litem* as such, and a decree referring to the answer of the infant defendants, naming them, by their guardian *ad litem*, sufficiently evidence the making of the order of appointment, and it will be presumed that the necessary proofs were before the court when the order was made.

5. Fraud in the foreclosure of a mortgage against infant defendants is not inferable from the fact that their step-mother, who is a sister of the complainant, acted as their guardian *ad litem*.

Appeal from Wayne. (Hosmer, J.) Argued November 16, 1893. Decided January 26, 1894.

Bill to review and set aside a decree in a foreclosure case. Complainants appeal. Decree affirmed. The facts are stated in the opinion.

*Edward S. Grece*, for complainants.

*Henry A. Chaney*, for defendant Frances Kurtz.

McGRATH, C. J. James H. Stevenson died October 14, 1877. On the 9th of October, 1877, defendant Kurtz filed a bill to foreclose a certain mortgage given by James H. Stevenson to one Jepp, and assigned to said Kurtz July 7, 1876. A decree was entered March 15, 1879, and a sale was made May 5, 1879. Complainants, who, with the exception of Carrie Jordan, were infants at the time of the decree and sale, as heirs at law of James H. Stevenson, filed this bill in August, 1890, to review and set aside the decree aforesaid.

It is insisted:

1. That, inasmuch as there was no service of subpœna on James H. Stevenson before his death, there was no cause in court to be revived after his death. This point is ruled by *Gordon v. Tyler*, 53 Mich. 629.

2. That the premises were described in the original bill, in the paper suggesting the death of James H. Stevenson, and in the order reviving the suit against Carrie Jordan, a married daughter, as "Lot No. 6 of Backus' Subdivision of Out-lot No. 8 of the Woodbridge Farm," whereas the correct description was "Lot No. 6 of Backus' Subdivision of Out-lot No. 87 of the Woodbridge Farm." An amended bill, correcting the description, was afterwards filed. Josephine Stevenson, step-mother, was appointed guardian *ad litem* of the infant defendants, and as such guardian, together with Carrie Jordan, consented to the filing of the amended bill, and answered thereto. The original bill fully identified the property involved as lot numbered 6 of

Backus' subdivison of the Woodbridge farm, and would not have been fatally defective in the absence of the amendment. *Cooper v. Bigly,* 13 Mich. 463; *Beyschlag v. Van Wagoner,* 46 Id. 91; *Dwight v. Tyler,* 49 Id. 615; *Slater v. Breese,* 36 Id. 77.

3. That the order made on suggesting the death of James H. Stevenson was not based on any petition, nor was it signed or certified. It is sufficient that the order made recites the petition. *Stimpson v. Circuit Judge,* 41 Mich. 3; *Webster v. Bailey,* 31 Id. 36; *Willetts v. Mandlebaum,* 28 Id. 524; *Sargeant v. Bank,* 12 How. 371.

4. That no order appears appointing the guardian *ad litem.* A petition appears, purporting to have been signed by the infants, and there is no averment in the bill, or any evidence in the record, tending to show that said petition was not actually signed by the infants. The calendar entries show that, on the date of the filing of the petition, an order was made appointing a guardian *ad litem.* The answer of the infants is signed by the guardian *ad litem* as such. The decree refers to the answer of the infant defendants, naming them, "by their guardian *ad litem.*" We think the evidence sufficient that an order was actually made, and the presumption is that the necessary proofs to justify its action were before the court when the order was made. *Willetts v. Mandlebaum, supra; Sargeant v. Bank, supra.*

The bill in this case does not question the validity of the mortgage. There is no evidence of fraud. Fraud cannot be inferred from the fact that the guardian was the step-mother of the infants, and the sister of complainant in the foreclosure proceeding. The mortgage was assigned to Mrs. Kurtz 15 months before the death of the mortgagor, and she commenced her foreclosure proceeding before his death.

The testimony as to the inadequacy of the price at

which the premises sold is not of a character to entitle it to any consideration.

The decree dismissing the bill must therefore be affirmed, with costs to defendants.

The other Justices concurred.