HOME SAVINGS BANK v. YOUNG.

1. LIMITATION OF ACTIONS—BANK STOCKHOLDERS' STATUTORY LIA-
BILITY.
   Statute providing that time during which any case in chancery,
   commenced by any debtor, has or may be pending and un-
   determined should not be computed as any part of period
   limited or prescribed by any statute of limitations has no
   application to suit by trustees of segregated assets of bank
   to enforce bank stockholders' statutory liability where no
   suit appears to have been instituted by the stockholders
   (3 Comp. Laws 1929, §§ 11945, 13992).

2. ABATEMENT AND REVIVAL—COMMENCEMENT OF SUIT IN CHANCERY
   —FILING OF BILL—SERVICE OF PROCESS.
   For the purpose of revival of a suit against heirs or personal
   representatives, a suit in chancery is considered begun by
   filing the bill of complaint, notwithstanding the defendant
   died before service of process (3 Comp. Laws 1929, § 14068).

3. ACTION—COMMENCEMENT OF SUIT IN CHANCERY—FILING OF BILL.
   In certain statutory proceedings, such as foreclosure of a
   mechanic's lien, filing a petition or bill of complaint is
   the beginning of the suit within the meaning of statute
   providing that suits in chancery shall be commenced by
   filing bills of complaint whereupon the plaintiff is entitled
   to a chancery summons and other process (3 Comp. Laws
   1929, §§ 13110, 14068).

4. LIMITATION OF ACTIONS—COMMENCEMENT—CHANCERY SUIT—AC-
   TION AT LAW.
   In the determination of whether the commencement of a pro-
   ceeding tolls the statute of limitations, there is no differ-
   ence between the required procedure in suits in equity and
   in actions at law (Const. 1908, art. 7, § 5; Court Rule No.
   1, § 2 [1933]).

5. PROCESS—RETURN DATE—PROOF OF NONSERVICE—ALIAS.
   Litigants are charged with knowledge of the date stated in
   the process on or before which service must be obtained,
   that upon failure of service within the specified time the

process server must make and file proof of nonservice within five days after the last day specified for service; that if they desire an alias issued "as of course" it must be issued within 10 days after the process server files proof of non-service (Court Rules Nos. 13, 14 [1933], as amended).

6. LIMITATION OF ACTIONS—SERVICE OF PROCESS—CONTINUITY OF PROSECUTION.

Failure to comply with court rules, applicable alike to suits in equity and actions at law, relative to service of both original and alias writs, with knowledge of which litigants are charged, constitutes a breach of continuity in the prosecution of a suit and makes effective, when pleaded, the defense of statute of limitations where period prescribed by the statute expires prior to such breach of continuity (Court Rules Nos. 13, 14 [1933], as amended; 3 Comp. Laws 1929, § 13976).

7. SAME—BREAK IN CONTINUITY OF PROSECUTION OF SUIT—SERVICE OF PROCESS—ALIAS SUMMONS.

Pleaded defense of statute of limitations, the period of which expired on July 25th, became effective where, although bill was filed and summons issued July 13th, after expiration of time within which service could be had under first alias summons, October 20th, proof of nonservice was not filed until November 4th and plaintiff failed to make application for second alias summons within 10 days and when it was made there was no proper foundation for granting leave of court (Court Rules Nos. 13, 14 [1933], as amended).

8. PROCESS—DILIGENCE IN PROSECUTION OF ACTION.

Where plaintiffs' own lack of diligence is basis for determining there was a break in continuity of prosecution of suit in chancery to collect bank stockholders' statutory liability rather than process server's failure to comply with court rule provision as to proof of nonservice within time limited, plaintiff would not have advantage of statute providing a year for commencement of a new suit (3 Comp. Laws 1929, § 13982; Court Rules Nos. 13, 14 [1933]).

9. LIMITATION OF ACTIONS—TOLLING OF STATUTE BY COMMENCEMENT OF SUIT.

In suit for discovery and to enforce bank stockholders' statutory liability the filing of a bill of complaint without issuance of process did not toll the general statute of limitations (3 Comp. Laws 1929, §§ 11945, 13976).

Appeal from Kalamazoo; Weimer (George V.), J. Submitted October 11, 1940. (Docket No. 65, Calendar No. 41,195.) Decided December 11, 1940. Rehearing denied February 7, 1941.

Bill by Home Savings Bank and others against Julia E. Young and others to enforce bank stockholders' statutory liability. Bill dismissed. Plaintiffs appeal. Affirmed.

*Howard, Howard & Howard,* for plaintiffs.

*Frank S. Weston* (*Lloyd D. Yenner,* of counsel), for defendants.

NORTH, J. The Home Savings Bank of Kalamazoo and the trustees of its segregated assets filed a bill in equity for discovery and for the enforcement of statutory stockholders' liability against defendants.[*] The bill was filed and summons issued July 13, 1939. Under the notice on the summons to the process server the last day for service was August 12, 1939; and, in event of nonservice, proof was ordered to be filed within five days after August 12th. With reference to service of this and subsequently-issued process, the record discloses the following: Original summons returned unserved, August 22, 1939; first alias issued August 28, 1939, last day for service October 20, 1939, returned unserved November 4, 1939; second alias issued November 25, 1939, upon petition to and order of the court. This second alias was served on defendants prior to the last day fixed for service, January 23, 1940. After service defendants appeared specially and moved to quash the second alias with which they had been served and to dismiss the bill of complaint.

---

[*] See 3 Comp. Laws 1929, § 11945 (Stat. Ann. § 23.52).—REPORTER.

Their motion to quash was on the ground that they had been served with an illegal or invalid summons, and dismissal was sought on the ground that plaintiffs' claim was barred by the statute of limitations.[*] The parties agree the statutory period would have run on July 25, 1939, if plaintiffs had not instituted this suit on July 13, 1939. Defendants' motion was granted and decree entered dismissing the bill of complaint. Plaintiffs have appealed.

The questions presented by the appeal are: (1) Did the filing of plaintiffs' bill (without regard to the issuance of process) toll the statute of limitations? and (2) If the foregoing question must be answered in the negative, was there such a break in continuity between the first alias and the second alias as resulted in abatement of the suit and rendered controlling the statutory bar which defendants assert accrued prior to the issuance of the first alias?

As to the first of the above issues, we quote their contention from plaintiffs' brief:

"It is plaintiffs' claim that a chancery suit is commenced with the filing of the bill of complaint only; and the issuance of a chancery summons or other chancery process has no bearing upon the commencement of suit (3 Comp. Laws 1929, § 13992 [Stat. Ann. § 27.621])."

Plaintiffs cite and quote various provisions and statements from court decisions, statutes and court rules in support of their position. Among them are the following:

(1) *Gordon* v. *Tyler*, 53 Mich. 629, wherein it is said: "But the authorities and practice have uniformly held that the filing of a bill is the commence-

---

[*] See 3 Comp. Laws 1929, § 13976 (Stat. Ann. § 27.605).— REPORTER.

ment of suit for most purposes, and we can see no reason for adopting any exceptional rule in such cases as the present.''

(2) *Sheridan* v. *Cameron,* 65 Mich. 680: ''We think the filing of a bill or petition is the beginning of the suit [to enforce a mechanic's lien], and that the service of process is only a step in the cause. If this were not so, a mechanic's lien could never be enforced against an absent defendant who should need to be brought in by publication. * * * It is always understood that proceedings in equity are deemed commenced when the bill is filed.''

(3) The provision in 3 Comp. Laws 1929, § 14068 (Stat. Ann. § 27.735), which reads: ''Suits in chancery shall be commenced by filing bills of complaint in accordance with the rules of court, and upon the filing of such bill the plaintiff shall be entitled to a chancery summons and other process when ordered by competent authority.'' It may be noted here that 3 Comp. Laws 1929, § 13992, to which the above-quoted portion of plaintiffs' brief refers, has no application to this case.

(4) Former Michigan chancery court rule No. 1 (a) provided: ''Suits in chancery shall be commenced by bills of complaint.'' Michigan Chancery Rules (1896).

It seems to be established in this jurisdiction that for the purpose of its revival against heirs or personal representatives, a suit in chancery is considered begun by filing the bill of complaint, notwithstanding the defendant died before service of process. *Gordon* v. *Tyler, supra; Stevenson* v. *Kurtz,* 98 Mich. 493. And further, in certain statutory proceedings, such as foreclosure of a mechanic's lien,* filing a petition or bill of complaint has

---

* See 3 Comp. Laws 1929, § 13110 *et seq.* (Stat. Ann. § 26.290 *et seq.*).—REPORTER.

been held to be the "beginning of the suit." *Sheridan* v. *Cameron, supra.* But in none of the above decisions or provisions pertinent to our practice is specific consideration being given to the question of the right of action being barred by the general statute of limitations. We know of no authority in this jurisdiction which holds with plaintiffs on the issue now under consideration.

If the statute of limitations had not run against plaintiffs' suit, a different conclusion might be necessitated. In *Gunn* v. *Gunn,* 205 Mich. 198, we held, as stated in the syllabus: "Where a writ purporting to be an alias summons has no proper basis as an alias, the previous writ not having been seasonably returned, the second writ is not for that reason void, but, the statute of limitations not having run against the suit, it should, in case the first suit goes down, be treated as a new writ for a new suit and sustained accordingly." But as applied to tolling the statute of limitations, we think there is no difference between the required procedure in suits in equity and in actions at law. In the latter the rule is definitely settled.

"Prior to the passage of the judicature act no one but an officer could make a valid service of a summons, and the court held that when it was placed in his hands for service with a *bona fide* intention to have it served the suit was commenced. (Citing authorities.) The legislature then broadened the statute and provided that any person of suitable age and discretion might serve it." *Taylor* v. *Mathews,* 224 Mich. 133.

"The suit was commenced when the summons was in good faith placed in the hands of the officer for service, or when given to plaintiff's attorney." *People's Mortgage Corp.* v. *Wilton,* 234 Mich. 252.

The mandate to abolish the distinction between proceedings at law and in equity is embodied in the fundamental law of the State. It reads: "The Supreme Court shall by general rules establish, modify and amend the practice in such court and in all other courts of record, and simplify the same. The legislature shall, as far as practicable, abolish distinctions between law and equity proceedings." Const. of 1908, art. 7, § 5. In accordance with the constitutional provision Michigan court rules provide: "The provisions of these rules shall apply alike to law and chancery cases and proceedings except when it clearly appears that they apply to either law or chancery cases only." Court Rule No. 1, § 2 (1933).

If formerly there was room for doubt or uncertainty as to what was necessary, either at law or in equity, to avoid such a break in continuity in prosecuting a suit as would result in its abatement in consequence of the bar of the general statute of limitations having intervened, we think it has been removed by clear and definite provisions contained in the court rules. See Court Rules Nos. 13 and 14 (1933), as amended. The law charges litigants with knowledge of the date stated in the process on or before which service must be obtained. They are also bound to know that upon failure of service within the specified time the process server must make and file proof of nonservice within five days after the last day specified for service; and further, they are bound to know that if they desire an alias issued "as of course," it must be issued within 10 days after the process server files proof of nonservice. This limitation is qualified only by the rule provision that: "Within a reasonable time thereafter by leave of court on good cause shown," an alias may be issued. It is a plain and reasonable requirement of practice

to hold that failure to comply with the rule provisions above noted constitutes a breach of continuity in the prosecution of the suit wherein the defense is made that prior to such breach the term of the general statute of limitations had run. The noted rule provisions apply to suits in equity, as well as to actions at law.

For the purpose of our decision, we may consider, though we do not so hold herein, that the first alias was regularly issued in this case. Defendant's motion was "for an order quashing the second alias." Briefly the motion was on the ground that the second alias was not a legal summons, because there was a break in continuity in prosecuting plaintiffs' suit. As above noted, October 20, 1939, was the last day for valid service of the first alias. Under the court rule (Rule No. 14) and the notice on the summons, the sheriff who had possession of the writ was required to make and file return of service within five days after October 20th. But such return was not filed until November 4th. After this default of the officer, plaintiffs failed to take out another alias "as of course" within the 10 days provided by the court rule. See Court Rule No. 13, § 2 (1933). But on *ex parte* application to the court, filed November 21, 1939, plaintiffs obtained issuance of a second alias November 25, 1939. But this was a month after the date when the process server should have filed his return of nonservice; and it was more than 20 days after such return was filed. As noted, the circuit judge on plaintiffs' *ex parte* application ordered the issuance of the second alias; but on hearing and granting defendants' motion to quash, the circuit judge in effect vacated his former order. His opinion discloses the following reasons:

"There was a break in the continuity of the suit between the original summons and the first alias

and a still longer and inexcusable interim between the first alias and the second. The second alias issued more than three months after the return day of the original summons and four months after the plaintiffs' claim became barred on July 25th.

"It seems clear that the order for the second alias was without proper foundation and should not have been made. The situation is the same as if the second alias had issued without any order."

On this record we would not be justified in reversing the holding of the circuit judge. Except plaintiffs, by compliance with the court rules, avoided a breach of continuity in prosecuting their suit, defendants were entitled to assert the defense of the statute of limitations. Plaintiffs and their counsel were charged with notice, because court rules so provide, that the sheriff holding the first alias for service was obligated to file the return of nonservice on or before October 25, 1939; and in default of such return, it was the duty of plaintiffs to take prompt action to secure performance of the officer's duty. The return was not filed until November 4, 1939. Plaintiffs did not secure issuance of a second alias until November 25, 1939. This was 31 days after the date on which plaintiffs were bound to know that return of nonservice should have been filed. On hearing the motion to quash, evidently the circuit judge concluded that the application for the second alias, petitioned and ordered November 21st, but issued November 25th, was not "within a reasonable time * * * (and) on good cause shown," as required by court rule. Court Rule No. 13, § 2. To have held otherwise would have deprived defendants of their statutory defense. If plaintiffs had not instituted suit until 31 days after right of recovery had been barred by the statute of limitations, it would hardly be contended that the trial court would have been in error in ordering dismissal. Under

the circumstances of this case plaintiffs' delay for a like period in securing issuance of the second alias was not less grievous. The order quashing the second alias should stand.

In reaching the above conclusion we base decision solely on plaintiffs' lack of diligence, and not at all upon failure of the sheriff in the proper performance of his duty. It follows that plaintiffs, notwithstanding their contention to the contrary, are afforded no advantage by 3 Comp. Laws 1929, § 13982 (Stat. Ann. § 27.611), the relevant part of which provides:

"If, in any action, duly commenced within the time limited in this chapter (within the general statute of limitations), and allowed therefor, the writ or declaration shall fail of a sufficient service or return, by any unavoidable accident, or by any default or neglect of the officer to whom it is committed, * * * the plaintiff may commence a new action for the same cause, at any time within one year after the abatement or other determination of the original suit."

In their brief plaintiffs stress and rely much upon the practice approved in *Christe* v. *Springfield Fire & Marine Ins. Co.*, 207 Mich. 12. It was therein held even in a suit at law commenced by declaration and rule to plead five days prior to the expiration of the time limit and served four days after its expiration, the plaintiff's rights were not barred. By analogy plaintiffs contend that filing the bill of complaint herein tolled the statute of limitations. Instead, we think the extent of decision in the *Christe Case* was a holding that a suit at law started prior to the time limitation by which it would be barred and followed by the accomplishment of prompt service, notwithstanding it was subsequent to the time limited, saved plaintiff's rights from the limitation. We do not understand that the question of a break

in the continuity of prosecuting plaintiff's case was in any way involved in the cited decision. And further, it is clear that the *Christe* decision was based wholly upon a statutory provision applicable only to suits instituted by declaration and rule to plead, and not at all applicable to suits in equity.

While they are not on all fours with the instant suit, decisions in the following cases are indicative of the established law in this jurisdiction. *Johnson v. Mead,* 58 Mich. 67; *Peck* v. *German Fire Insurance Co.,* 102 Mich. 52; *Colling* v. *McGregor,* 144 Mich. 651; *Danaher* v. *Ross,* 278 Mich. 485; *Parker Bros. Co.* v. *Railroad Co.,* 242 Mich. 214. In this last case, referring to Circuit Court Rule No. 18, § 2 (1916), which in substance was the same as in the present Court Rule No. 13, § 2 (1933), we said:

"But we are of the opinion that the provision in this rule for issuing an alias or pluries writ 'at any time thereafter' [*i.e.,* after filing return] was not designed to abolish or circumvent the limitations otherwise applicable to an action."

Under the practice established in this jurisdiction, it must be held in a case of this character that filing a bill of complaint, without issuance of process, does not toll the general statute of limitations; and that there was break in the continuity between the first alias and the second alias. The decree dismissing plaintiffs' bill of complaint is affirmed. Costs to appellees.

BUSHNELL, C. J., and SHARPE, BOYLES, CHANDLER, McALLISTER, WIEST, and BUTZEL, JJ., concurred.