TROY W. MASCHMEYER COMPANY *v.* HAAS.

DECISION OF THE COURT.

1. MECHANICS' LIENS—FORECLOSURE—SERVICE OF PROCESS.
   Service of process on July 9, 1963, was too late to foreclose a
   mechanic's lien filed March 19, 1962, in proceedings com-
   menced February 28, 1963.

SEPARATE OPINION.
SMITH, O'HARA, and ADAMS, JJ.

2. LIMITATION OF ACTIONS—STATUTE CREATING RIGHT OF ACTION.
   *A time limitation included within a statute creating a right of
   action evinces a legislative intent to provide that the savings
   provision in the general statute of limitations would not apply
   unless expressly included within the statute creating the right
   of action.*

3. SAME—STATUTE CREATING RIGHT OF ACTION—GENERAL STATUTE—
   DEFENSE AVAILABLE.
   *A time limitation included within a statute creating a right of
   action is a limitation upon the right, whereas the general*

REFERENCES FOR POINTS IN HEADNOTES

[1, 4, 5, 10, 11, 16, 18] 36 Am Jur, Mechanics' Liens §§ 241–243.
   What amounts to bringing of suit within limited time required by
   mechanic's lien statute. 75 ALR 695.
[2] 34 Am Jur, Limitation of Actions §§ 45, 186 *et seq.*
[3] 34 Am Jur, Limitation of Actions § 11.
[6, 8] 19 Am Jur, Equity §§ 5–7.
[7] 36 Am Jur, Mechanics' Liens § 233 *et seq.*
   What amounts to bringing of suit within limited time required
   by mechanic's lien statute. 75 ALR 695.
[9] 34 Am Jur, Limitation of Actions § 117.
[12] 34 Am Jur, Lis Pendens § 31.
[13] 34 Am Jur, Lis Pendens § 28.
[14] 34 Am Jur, Lis Pendens §§ 26, 28.
[15] 41 Am Jur, Pleading § 73.
[16] 36 Am Jur, Mechanics' Liens § 261.
[17] 34 Am Jur, Limitation of Actions § 186 *et seq.*
[18] 34 Am Jur, Lis Pendens §§ 26, 28.

*statute of limitations is a limitation upon the remedy only, a limitation that the defendant may possibly not assert by reason of waiver, estoppel, or concealment.*

4. SAME—MECHANICS' LIENS—SERVICE OF PROCESS.

*Revised judicature act provision relative to means by which the general statute of limitations may be tolled control proceedings to enforce a mechanic's lien, insofar as service of process is concerned, where statute creating such a lien provides that foreclosure thereof shall be by bill in chancery and that duly recorded notice of lis pendens should continue the effect of the lien pending the proceedings (CLS 1961, §§ 570.9, 570.10, 600.5856).*

5. MECHANICS' LIENS—LIMITATION OF ACTIONS.

*The 1-year period of limitation in the mechanics' lien act is a matter of substance, a limitation of the right to a lien (CLS 1961, § 570.9).*

6. EQUITY—ABOLITION OF PROCEDURAL DISTINCTION BETWEEN LAW AND EQUITY.

*The general procedural statute, known as the revised judicature act, applies to law actions as well as equitable actions in view of the abolition of procedural distinctions between law and equity (Const 1963, art 6, § 5).*

7. MECHANICS' LIENS—COMMENCEMENT OF PROCEEDINGS—LIMITATION OF ACTIONS.

*Proceedings to enforce a mechanic's lien are commenced by a sworn complaint and duly-recorded notice of lis pendens which action has the effect of continuing such lien pending the proceedings, tolling the period of limitation when the complaint is filed and copy of summons and complaint, in good faith placed in the hands of an officer within the 1-year period of limitation provided by statute creating the lien, for immediate service, but tolled for no longer than 90 days thereafter pursuant to provisions of the general statute of limitations relative to tolling statute for purposes of service of process (CLS 1961, §§ 570.9, 570.10, 600.5856).*

8. STATUTES—REVISED JUDICATURE ACT—INTENT.

*The revised judicature act was intended to apply to all civil actions except in situations where manifestly inapplicable (CLS 1961, § 600.100 et seq.).*

9. LIMITATION OF ACTIONS—TOLLING STATUTE—SERVICE OF PROCESS.

*No distinction is made between the general statutes of limitation*

*and particular periods of limitation contained in specific stat-*
*utes creating causes of action insofar as applying provision of*
*general statute tolling a statute of limitation for period of*
*service of process, the effect of such statute being to give the*
*defendant notice of that which he must defend and requiring*
*the plaintiff to prosecute his action with diligence (CLS 1961,*
*§ 600.5856).*

10. MECHANICS' LIENS—LIMITATION OF ACTIONS—FORECLOSURE—
SERVICE OF PROCESS.

*Service of process on July 9, 1963, was too late to foreclose a*
*mechanic's lien filed March 19, 1962, in proceedings commenced*
*February 28, 1963, since there had been a lapse of more than*
*1 year and 90 days (CLS 1961, §§ 570.9, 570.10, 600.5856).*

SEPARATE OPINION.

T. M. KAVANAGH, C. J., and DETHMERS, KELLY, and SOURIS, JJ.

11. MECHANICS' LIENS—DURATION OF LIEN.

*A statutory mechanic's lien continues beyond the 1-year period*
*provided in the statute creating the right only if proceedings*
*are begun to enforce it prior thereto and a notice of lis pendens*
*is duly recorded, in which event the lien shall continue pending*
*the proceeding (CLS 1961, §§ 570.9, 570.10).*

12. LIS PENDENS—CANCELLATION.

*An invalid notice of lis pendens can be canceled of record (CLS*
*1961, § 600.2725).*

13. SAME—SERVICE OF SUMMONS.

*The notice of lis pendens loses its vitality, where there is a*
*failure to fulfill the statutory condition of service of summons*
*within 60 days after recording the notice (CLS 1961, §§ 600-*
*.2701, 600.2725).*

14. MECHANICS' LIENS—DURATION—NOTICE OF LIS PENDENS—SERV-
ICE OF SUMMONS.

*A mechanic's lien, dependent for its continuation beyond its*
*first year of existence upon a valid recorded notice of lis*
*pendens, does not survive where the notice of lis pendens has*
*lost its vitality through failure to make service of summons*
*within 60 days of the filing of the notice (CLS 1961, § 600-*
*.2701).*

15. ACTION—COMMENCEMENT.

*A civil action is commenced by filing a complaint with the court*
*(CLS 1961, § 600.1901; GCR 1963, 101).*

16. Mechanics' Liens—Filing of Complaint—Continuance of Lien—Notice of Lis Pendens.

> A complaint to enforce a mechanic's lien, filed with the court before expiration of 1 year from the lien's inception satisfies the lien law's requirement as to time of commencement of the action, and upon recording of notice of lis pendens, the lien is extended so long as such notice is recorded validly (CLS 1961, §§ 570.9, 570.10, 600.1901, 600.2701; GCR 1963, 101).

17. Limitation of Actions—General Statute—Statute Creating Right.

> Provisions of the general statute of limitations which extend the period within which an action may be commenced do not apply to actions enforcing a right created by a statute which itself includes a time limitation on bringing such action.

18. Mechanics' Liens—Duration of Lien—Notice of Lis Pendens —Service of Process.

> Mechanic's lien was not continued until a date some 4 months after lien's first year of existence, where either plaintiff had not recorded notice of lis pendens at all, or, having recorded it, it became invalid upon failure of plaintiff to serve process on defendants within 60 days of recording the conditional notice of lis pendens (CLS 1961, §§ 570.9, 570.10, 600.1901, 600.2701, 600.2725; GCR 1963, 101).

Appeal from Macomb; Spier (James E.), J. Submitted February 3, 1965. (Calendar No. 40, Docket No. 50,774.) Decided October 4, 1965.

Complaint by Troy W. Maschmeyer Company, a Michigan corporation, against Gerhard K. Haas, Harriet Haas, and others, to enforce a mechanic's lien. Defendants' affirmative defense ordered stricken. Defendants appeal. Reversed.

*Patrick J. Keating,* for plaintiff.

*Nathan S. Peterman* (*Travis, Warren & Nayer,* by *Harry M. Nayer* and *C. Robert Wartell,* of counsel), for defendants.

Smith, J. Plaintiff recorded a mechanic's lien against defendants' property March 19, 1962, and

filed a complaint in court to enforce the lien on February 28, 1963, that is to say, within the 1-year period provided by statute. However, defendants were not served with process until July 9, 1963. Defendants answered and interposed as an affirmative defense that service had been made upon them after expiration of the period of limitation imposed by statute. The trial court ordered the affirmative defense dismissed and stricken from the pleadings. We granted leave to appeal.

The mechanic's lien act provides:

"Sec. 9.  The several liens herein provided for *shall continue for 1 year* after such statement or account is recorded in the office of the register of deeds, *and no longer unless proceedings are begun to enforce the same* as hereinafter provided." CLS 1961, § 570.9 (Stat Ann 1963 Cum Supp § 26.289). (Emphasis supplied.)

"Sec. 10.  Proceedings to enforce said lien shall be by bill in chancery, under oath, and notice of *lis pendens* recorded in the office of the register of deeds, shall have the effect to continue such lien pending such proceedings." CLS 1961, § 570.10 (Stat Ann 1963 Cum Supp § 26.290).

Defendants (appellants) say that although the mechanic's lien act sets up the 1-year period of limitation, the act does not provide when or under what conditions the period of limitation may be tolled. They say the answer to this is found in the general procedural statute, that is, the revised judicature act of 1961, PA 1961, No 236 (CLS 1961, § 600.101 *et seq.* [Stat Ann 1962 Rev § 27A.101 *et seq.*]),[1] more particularly that part containing the general statute of limitations. The section of the statute in question reads as follows:

---

[1] Effective date of the act was January 1, 1963.

"The statutes of limitations are tolled when

"(1) the complaint is filed and a copy of the summons and complaint are served on the defendant, or when

"(2) jurisdiction over the defendant is otherwise acquired, or when

"(3) the complaint is filed and a copy of the summons and complaint in good faith, are placed in the hands of an officer for immediate service, *but in this case the statute shall not be tolled longer than 90 days thereafter.*" (Emphasis supplied.) CLS 1961, § 600.5856 (Stat Ann 1962 Rev § 27A.5856).

Plaintiff argues that defendants are wrong in their contention that the general statute of limitations applies in the case herein presented where the mechanic's lien act creates a cause of action "conditioned upon the time expressed therein." Plaintiff relies upon *Holland* v. *Eaton,* 373 Mich 34. (4 cases in 1.) In those cases, suits were brought under the dramshop act.[2] It contains a 2-year period of limitation. The accident occurred February 8, 1960, and suit was instituted February 14, 1962, or more than 2 years after the cause accrued. In those cases, the question had to do with certain savings provisions or exceptions (*i. e.,* infancy and refiling after dismissal not on the merits) available under the general statute of limitations in effect at that time. This Court held, among other things, that the "savings provisions" of the general statute of limitations then in effect did not operate to toll the running of the period of limitation contained in the dramshop act. We held that the intent of the legislature in including a time limitation within a statute creating a right of action was to provide that the savings provisions in the general statute of limitations would not apply unless expressly included within the statute creating

[2] Also known as the Michigan civil damage act. CL 1948, § 436.22, as amended by PA 1958, No 152 (Stat Ann 1959 Cum Supp § 18.993).

the right of action, citing *Bement* v. *Grand Rapids & I. R. Co.,* 194 Mich 64 (LRA1917E, 322), and *Bigelow* v. *Otis,* 267 Mich 409.

In order to understand better the significance of *Holland* v. *Eaton, supra,* we discuss briefly the two cases principally relied upon in *Holland.* These cases are *Bement* and *Bigelow,* cited above. In *Bement,* suit was brought under the Federal employer's liability act[3] for personal injuries more than 2 years after the cause of action accrued. The statute contained a 2-year period of limitation. When the limitation was interposed as a defense, plaintiff rejoined with the contention that defendant company was estopped from asserting the limitational bar because of fraudulent conduct by defendant. In resolving the question raised by the estoppel plea, this Court made the following distinction:

"A positive distinction seems to be made between cases in which the limitation of time for bringing suit is contained in the statute which creates the liability and right of action and general statutes of limitations of the rights of action existing under other statutes or under the common law. *In the former the limitation of time is a limitation of the right,* and, as has been said, *the suit cannot be maintained if not brought within the time limited.* In the latter the limitation of time for bringing suit is a limitation of the remedy only, *and it has been held that under such general statutes of limitation the defendant may be estopped from the benefit of the statute by an agreement waiving it, or by concealment or by fraud.* The statute here in question creates a new liability, and takes away defenses formerly available, and the right of action therein created is conditioned upon its enforcement within a prescribed period." (Emphasis supplied.)

---

[3] 35 Stat 65, 45 USCA, § 51 *et seq.*—REPORTER.

In the other case cited in *Holland,* the case of *Bigelow* v. *Otis, supra,* suit for rescission was brought under the blue sky statute[4] more than 2 years after the cause accrued. The principal defense was the 2-year period of limitation contained in the statute. To defendant's plea, plaintiff replied that the 2-year period of limitation was extended because of defendant's fraudulent concealment of facts constituting the cause of action and by defendant's absence from the State. The opinion pointed out that the two savings provisions were found in the general statute of limitations but not in the blue sky statute. We held that the general statute of limitations (p 412) "and the saving provisions therein have no application to a cause of action created by statute and conditioned on time therein expressed."

Such cases are distinct and distinguishable from the case at bar. We are not here concerned with the type of "savings provisions" or "exceptions" present in *Holland, Bement,* and *Bigelow,* if we are concerned with them at all. In *Holland,* the "savings provisions" had to do with infancy and the right to refile after dismissal not on the merits. In *Bement,* it was estoppel based upon fraud, and in *Bigelow,* fraudulently concealing a cause of action and absence from the State. What is most significant in each case cited is that plaintiff commenced action after the limitational period contained in the statute creating the cause of action. And in each case, plaintiff asserted matters which, if true, would excuse the late filing and, hence, except plaintiff from the operation of the statute.

But the instant case is different in several important aspects. First, there is the mechanic's lien act which is a statute creating a right of action and in-

---

[4] CLS 1961, § 451.101 *et seq.* (Stat Ann 1964 Rev § 19.741 *et seq.*). —REPORTER.

cludes a period of limitation therein. The section of the act which sets forth proceedings for enforcing a lien provides that this shall be accomplished "by bill in chancery, under oath, and notice of *lis pendens* recorded in the office of the register of deeds," and this being done, it "shall have the effect to continue such lien pending such proceedings." But, as defendants point out, the statute is silent as to how and when process is to be issued and served and, if not, what happens. For an answer to this, they say reference must be made to the general statute of limitations contained in the revised judicature act quoted above. But before discussing this act, it is better, sequentially, to discuss plaintiff's position on this point.

Plaintiff says that *under the mechanic's lien act,* when a complaint and *lis pendens* are filed within 1 year, "the case is thereby commenced." Further, plaintiff says that the "savings provisions," or "tolling provisions," of the general statute of limitations do not apply. Thus the implication is clear, although plaintiff stops short of saying it, that once complaint and *lis pendens* are filed within 1 year, there is nothing in the law which permits the period of limitation to begin to run again, irrespective of when process is served. In general support of this position, plaintiff cites *Sheridan* v. *Cameron,* 65 Mich 680, decided upon the mechanic's lien law as it was in 1885. In that case, a petition was filed to enforce a mechanic's lien within the then 60-day statutory period. Process was not requested and, hence, not issued at that time, but was issued after expiration of the 60-day period. Attack was made upon the suit to enforce as having been "prosecuted too late and irregularly." This Court said that the bill or petition is the beginning of suit and that service of process is (p 682) "only a step in the cause. If this were not so," the Court reasoned, "a mechanic's lien could never be

enforced against an absent defendant who would need to be brought in by publication. The 60 days would elapse before service [could be] legally completed. * * * When the statute required proceedings to be begun within 60 days, it means no more than the filing of the proper bill or petition, leaving all other questions to be disposed of by the general rules of equity." The Court permitted the petition to be maintained.

Whatever may be said of the rule enunciated in *Sheridan* v. *Cameron, supra,* it is clear that it is no longer the law, insofar as it leaves the issuance and service of process to "the general rules of equity." Nor was the change all accomplished in the revised judicature act of 1961.[5] But it would be somewhat pedantic to discuss all of the decisions on this point, when the problem herein presented comes down squarely to the question of whether the provisions of the revised judicature act of 1961 (RJA), more particularly the section quoted in the forepart of this opinion, apply and control in a proceeding to enforce a mechanic's lien, at least insofar as service of process, or the lack thereof, may toll a period of limitation. We think that it does.

As has been seen, much of the discussion in the *Holland, Bement,* and *Bigelow* cases revolves about the effect of the so-called "savings provisions" in the general statute, such as infancy and estoppel for fraud. The phrase "savings provisions" is used in the Michigan opinions interchangeably with "exceptions."[6] But in this case, we are not dealing in "ex-

---

[5] See judicature act of 1915, as amended (CL 1948, § 600.1 *et seq.* [Stat Ann § 27.1 *et seq.*]), and *Taylor* v. *Mathews,* 224 Mich 133; *People's Mortgage Corporation* v. *Wilton,* 234 Mich 252; *Home Savings Bank* v. *Young,* 295 Mich 725; *Nathan* v. *Rupcic,* 303 Mich 201; and *Korby* v. *Sasnowski,* 339 Mich 705.

[6] This may confuse, because the terms have different derivations in the law. To "save" the statute of limitation originally meant to commence one's action within the statutory period, Black's Law Dictionary (3d ed), p 1583, while pleas of infancy and estoppel were

ceptions" nor "savings provisions," except in the most general sense. These terms are of little usefulness in understanding the tolling provisions (as to process) applicable in this case. Therefore, *Holland, Bement,* and *Bigelow, supra,* are best understood by reference to the facts in each case, especially as to when suit was commenced. In each case, the suit was commenced *after* expiration of the period of limitation contained in the statute giving rise to the cause of action. In each case, reliance was placed upon "savings provisions" (infancy, fraud, et cetera) in the general statutes of limitation. In each case, the ruling was approximately the same. This we do not intend to disturb. We do not construe, however, either *Holland, Bement,* or *Bigelow* as being decisive of the issue before us.

We do say that the 1-year period of limitation in the mechanic's lien act is a matter of substance and that said limitation is, therefore, a limitation of the right. *Bement* v. *Grand Rapids & I. R. Co., supra.* However, the mechanic's lien act clearly does not deal with the necessary procedural problem of how process is to be issued and served and, if not, what happens then. One has to look to the general procedural statute, the revised judicature act of 1961 (RJA), for resolution of this problem. Procedural distinctions between law and equity having been abolished,[7] it is clear that the general procedural statute applies to law actions as well as equitable actions. Within the broad sweep of the RJA, therefore, if the rule in *Sheridan* v. *Cameron, supra,* (of leaving process questions to "the general rules of equity" in mechanic's lien proceedings) had not been already abolished by subsequent statutes and deci-

and are most generally considered "exceptions." See 34 Am Jur, Limitation of Actions, § 192, p 155; and 54 CJS, Limitations of Actions, § 375, p 509. However, for the purpose of this decision, we need not make a distinction between the 2 expressions.

[7] See Const 1963, art 6, § 5.—Reporter.

sions, it certainly can no longer be said to exist under the RJA and related court rules (General Court Rules of 1963).

Accordingly, reading the mechanic's lien act in conjunction with the section of the RJA quoted, as applied to facts in this case, the rule goes this way: *proceedings to enforce such lien shall be by complaint, under oath, and notice of lis pendens recorded in the office of the register of deeds, which shall have the effect of continuing such lien pending the proceedings. However, the period of limitation is tolled when the complaint is filed and a copy of the summons and complaint in good faith, are placed in the hands of an officer within the 1-year period of limitation for immediate service, but the statute shall not be tolled longer than 90 days thereafter.* To except mechanic's lien proceedings from the tolling provisions of RJA would only precipitate a hodgepodge of exceptions which would do considerable violence to legislative intent. The legislature intended the RJA to apply to all civil actions and, except in situations where manifestly inapplicable, should be so construed.[8] Needless to say, nothing in the mechanic's lien act conflicts with this interpretation. Further, that the particular section in question, the tolling section, was intended to apply in the situation presented may be seen from the committee comment appearing after said section.[9] Obviously, for the

---

[8] The bench, bar, and people of Michigan are tremendously indebted to the Joint Committee on Michigan Procedural Revision and particularly Professor Charles W. Joiner, chairman, and Mr. Jason L. Honigman, vice-chairman, for their monumental 3-1/2 years' work resulting in the revised judicature act of 1961 (RJA) adopted by the legislature, and its companion work, General Court Rules of 1963 (GCR 1963), adopted by this Court, both of which became effective January 1, 1963.

[9] "Section [PA 1961, No 236, § 5856 (CLS 1961, § 600.5856 [Stat Ann 1962 Rev § 27A.5856])] is designed to avoid the problems which have commonly arisen in those jurisdictions lacking such a section, as to precisely at what point the statutes of limitation are tolled. * * *

purpose of tolling a period of limitation under the
circumstances herein presented, we make no distinc-
tion between the general statutes of limitation and
particular "periods of limitation" contained in spe-
cific statutes creating causes of action.[10]

"It is submitted that permitting the determination of when an
action is commenced as to toll the statutes of limitations ought not
to depend on a particular court's interpretation of such tenuous words
and phrases as 'intent,' 'due course,' 'reasonable diligence,' et cetera.
*Therefore, the instant section has been included in the statute of
limitations in order that the question might be definitely settled
without resort to case law.*

"The mere act of filing a complaint should not toll the statute,
as a matter of policy. The section does not accept the theory of
the case as cited above. *It is unrealistic to argue that defendants
are put on notice of a lawsuit merely because* a public court record
exists to that effect. The defendant has a vital interest in being
informed of the pendency of an action against him. Thus we have
sought to enable a plaintiff to avoid the bar of a statute of lim-
itation by taking the proper steps of establishing a court record
(filing the complaint) and complying with the requirements of a
method reasonably calculated to give defendant notice. At the same
time, we have required the plaintiff to prosecute his action diligently
by the imposition of a maximum tolling period. The rights of both
parties are thus protected.  *   *   *

"The section does not constitute any radical departure from pres-
ently accepted principles, but it prescribes a definite procedure to be
utilized wherein counsel are informed of the necessary steps which
will guarantee the tolling of the statute of limitation. *The adoption
of this section will greatly increase predictability.*

"In summary, a method has been provided whereby *a plaintiff,
by taking the proper steps, can toll the statute of limitation on his
cause of action for a maximum period of 90 days.* The establishment
of a maximum toll period should eliminate the litigation-provoking
questions as to whether or not a plaintiff 'intended' to 'diligently pros-
ecute' his suit, as bearing on the issue of how long the statute could
be tolled by placing a copy of the summons and complaint in good
faith in the hands of an officer for service.

"Example: *Suppose a two-year statute of limitation.  P files a
complaint one year and 11 months after the cause of action arose.*
On the same day a copy of the summons and complaint are in good
faith placed in the hands of an officer for service. Actual service
is made 100 days later. Can D plead the two-year statute as a bar
to the action?

"No — the statute was tolled for 90 days when P filed a complaint
and in good faith placed a copy of the summons and complaint
in the hands of an officer for service. At the end of the 90-day
period, the statute again started to run — at this point P still had 30
days in which service could be made (the two-year statute minus one
year and 11 months) and service was actually made on the tenth of
these 30 days left. If the service had been made 121 days after
the filing of the complaint D could have pleaded the statute of lim-
itations as a bar to the action."

[10] For a most comprehensive discussion of general statutes of lim-

Applying the facts in this case to the rule stated above, we conclude first of all that the RJA which became effective January 1, 1963, applies to this proceeding begun February 28, 1963; that when the action was commenced February 28, 1963, by filing of the complaint, assuming complaint and summons in good faith were placed in the hands of the officer for immediate service and *lis pendens* was recorded,[11] the lien was continued pending the proceedings, subject however to the following: when the action was commenced, it served to toll the 1-year period of limitation contained in the mechanic's lien act but only for a maximum of 90 days from commencement of the action. Thereafter, the period of limitation started to run again, that is, May 30, 1963. Plaintiff then had the additional time, measured between February 28th and March 19th, or 19 additional days after May 29th in which to make service. Not having made service upon defendants until July 9, 1963, the period of limitation had run against plaintiff. For the reasons given, the trial court was in error in dismissing and striking defendants' affirmative defense.

The order of the trial court is reversed for the entry of an order consistent with this opinion. Costs to defendants.

O'HARA and ADAMS, JJ., concurred with SMITH, J.

BLACK, J., concurred in result.

SOURIS, J. (*concurring*). In this appeal we are required to determine in what manner a mechanic's

itation and of specific limitations within statutes creating causes of action, see 63 Harv L Rev 1177. See, also, Committee Notes, PA 1961, No 236, § 5801 (CLS 1961, § 600.5801 [Stat Ann 1962 Rev § 27A.5801]).

[11] See PA 1961, No 236, § 2701 (CLS 1961, § 600.2701 [Stat Ann 1962 Rev § 27A.2701]).

lien can be continued beyond the period of one year. Specifically, the question presented is whether plaintiff's mechanic's lien, which first arose on March 19, 1962, continued in force beyond one year thereafter, plaintiff having filed its complaint to enforce the lien on February 28, 1963 and service of process therein having been made upon defendants on July 9, 1963.

Mr. Justice Otis M. Smith has written that the provisions of our general statute of limitations[1] are applicable to toll the one-year period of limitations contained in our lien act[2] for a period of 90 days when a complaint is filed and a copy of the summons and complaint are in good faith placed in the hands of an officer for immediate service. He has concluded that in this case of Maschmeyer, jurisdiction over defendants not having been acquired within the period of one year and 90 days from the inception of the lien, the lien expired and the trial judge, therefore, should not have dismissed defendants' affirmative defense on plaintiff's motion. While I agree with my Brother Smith's conclusion that the plaintiff's lien did not survive until jurisdiction was acquired over defendants and that, therefore, defendants' affirmative defense was dismissed erroneously, I do not agree that the general statute of limitations is applicable to this determination.

Section 9 of the lien law reads, in pertinent part, as follows:

"The several liens herein provided for shall continue for 1 year after such statement or account is recorded in the office of the register of deeds, and no longer unless proceedings are begun to enforce the same as hereinafter provided." CLS 1961, § 570.9 (Stat Ann 1963 Cum Supp § 26.289).

---

[1] Specifically section 5856 of the revised judicature act, PA 1961, No 236 (CLS 1961, § 600.5856 [Stat Ann 1962 Rev § 27A.5856]).

[2] See CLS 1961, § 570.9 (Stat Ann 1963 Cum Supp § 26.289).

Section 10 of the law reads, pertinently, as follows:

"Proceedings to enforce such lien shall be by bill in chancery, under oath, and notice of *lis pendens* recorded in the office of the register of deeds, shall have the effect to continue such lien pending such proceedings." CLS 1961, § 570.10 (Stat Ann 1963 Cum Supp § 26.290).

Thus, those two sections of the lien law provide that a statutory mechanic's lien continues beyond a one-year period only if proceedings are begun to enforce it and a notice of *lis pendens* is duly recorded in which event the lien shall continue pending the proceedings.

Under our practice prior to adoption of our General Court Rules of 1963, service of process had to be made within 90 days either of issuance of the original process or of alias processes issued within 10 days after the filing of a return showing failure of service of the preceding process. See Court Rules No 13 and No 14 (1945). Failure to make service within such successive periods of time and failure to have issued timely and alias summons resulted in termination of proceedings and, therefore, loss of the lien.

Our currently applicable court rules no longer limit the time for service of process and, without more, it might be argued that, therefore, a mechanic's lien could be continued indefinitely even without attempting service of process upon defendants. However, simultaneous with the effective date[3] of our General Court Rules of 1963, the statutory provisions regarding notices of *lis pendens,* due recording of which, by express provision of the lien law, has the effect of continuing a lien pending enforcement

[3] January 1, 1963. See CLS 1961, § 600.9911 (Stat Ann 1962 Rev § 27A.9911), and GCR 1963, 14.—Reporter.

proceedings, were changed to include the following
language pertinent to the issue herein:

"Such a notice [of *lis pendens*] may be filed with
the complaint before the service of the summons;
but, in that case, personal or substituted service of
the summons must be made upon a defendant, within
60 days after the filing, or else, before the expiration
of the same time, publication must be commenced, or
service thereof must be made without the State, as
prescribed by law." CLS 1961, § 600.2701 (Stat Ann
1962 Rev § 27A.2701).

While CLS 1961, § 600.2725 (Stat Ann 1962 Rev
§ 27A.2725) provides for record cancellation of a
notice of *lis pendens* upon failure of timely service
of process or determination of the cause, I cannot
read the statutory language above quoted to mean
that a notice of *lis pendens,* recorded upon the ex-
press statutory condition that service of process be
made within 60 days, has any continuing legal vital-
ity upon failure of plaintiff to fulfill the express
statutory condition. Like any other fictitious record
encumbrance upon title to property, an invalid notice
of *lis pendens* can be canceled of record. Section
600.2725 provides the means; it does not imply that
such a notice of *lis pendens* is legally effective not-
withstanding the falsity of the notice it conveys.
Thus, upon failure to fulfill the statutory condition
of service of summons within 60 days after recording
the notice of *lis pendens,* the notice loses its legal
vitality and the lien, which depends for its continua-
tion beyond its first year of existence upon a valid
recorded notice of *lis pendens,* likewise terminates.

Our General Court Rules of 1963 now also pro-
vide, see GCR 1963, 101, as does section 1901 of the
revised judicature act,[4] that "A civil action is com-

---

[4] PA 1961, No 236, § 1901 (CLS 1961, § 600.1901 [Stat Ann 1962
Rev § 27A.1901]).

menced by filing a complaint with the court". Thus, if a complaint to enforce a mechanic's lien is filed with the court before expiration of one year from the lien's inception, the lien law's requirement that such proceedings be begun within such period is satisfied and, upon recording of notice of *lis pendens,* the law provides that the lien's life is extended, but only so long as a notice of *lis pendens* is recorded validly.

In view of GCR 1963, 101, and the above quoted statutory provisions regarding recording of notice of *lis pendens* before service of summons, expressly made the means of extending a lien's life by the lien law, I perceive no reason requiring our reliance upon the general statute of limitations to determine when a suit is commenced, or when process is to be issued or served therein, or for any other purpose, in actions seeking the enforcement of a statutory lien, which lien the statute creating the right expressly provides must be enforced, if at all, by suit begun within one year of its creation.

Particularly is this so in the light of our recent decision in *Holland* v. *Eaton* (1964), 373 Mich 34, reaffirming our well-settled, and well-reasoned, rule that provisions of our general statute of limitations which extend the period within which an action must be commenced do not apply to actions enforcing a right created by a statute which itself includes a time limitation on bringing such an action.

As I read the lien law and GCR 1963, 101, plaintiff's lien would have continued in force during these proceedings and beyond the one-year statutory period if plaintiff had filed its complaint, acquired jurisdiction over defendants by service of process or otherwise and duly recorded its notice of *lis pendens,* all within the one-year period. As to this, I take it there is no disagreement with my Brother Smith. Where we do disagree, however, is in resolving the consequences of plaintiff's failure to acquire juris-

diction over defendants until July 9, 1963, almost four months after the one-year period mentioned in the mechanic's lien law had expired. I regard as impermissible, in the light of *Holland* v. *Eaton, supra,* and other authorities therein considered, Justice Smith's reliance upon the general statute of limitations to extend the lien for an additional 90-day period within which time service upon defendants could be made.

Instead, plaintiff's right to maintain its action, in my opinion, depends upon its acquiring jurisdiction over defendants within 60 days of recording its notice of *lis pendens.* Nothing in the record before us discloses whether or not plaintiff recorded a notice of *lis pendens,* but even if we assume that such notice was recorded on March 19, 1963, the last day for extending plaintiff's lien beyond its first year's existence, service upon defendants was not made until July 9, 1963, well beyond the 60 days provided by statute for conditionally recording notice of *lis pendens* before service of summons. Thus, in the view I take of the record before us and of the statutory and rule provisions above discussed, defendants' affirmative defense should not have been dismissed either because plaintiff did not record notice of *lis pendens* on or before expiration of the one-year period, and, therefore, the lien was not thereafter continued, or because, having duly recorded a notice of *lis pendens* within such period, it became invalid, thus terminating the lien, upon plaintiff's failure to serve process upon defendants within 60 days of recording the conditional notice of *lis pendens.*

Reversed and remanded for further proceedings. Costs to defendants.

T. M. Kavanagh, C. J., and Dethmers and Kelly, JJ., concurred with Souris, J.