BIGELOW *v.* OTIS.

1. ACTION—STATUTORY CAUSE OF ACTION—LIMITATION OF ACTIONS.
   Statutory conditions, including time limitation on right to recover, must be complied with where statute creates cause of action.

2. LIMITATION OF ACTIONS—BLUE SKY LAW—LICENSES.
   General statute of limitations and its saving provisions relative to discovery of fraud and absence of defendant from State *held,* to have no application to cause of action created by Act No. 220, Pub. Acts 1923, § 20, for voiding sales of securities not filed with securities commission but imposing time limitation of two years within which to bring such action (3 Comp. Laws 1929, §§ 13976, 13980, 13983).

Appeal from Washtenaw; Sample (George W.), J. Submitted April 10, 1934. (Docket No. 71, Calendar No. 37,747.) Decided June 4, 1934.

Action by S. Lawrence Bigelow against Charles A. Otis and others, a copartnership doing business as Otis & Company, and E. W. Hayden to void a sale of bonds alleged to have been sold in violation of Act No. 220, Pub. Acts 1923. Judgment for plaintiff. Defendants appeal. Reversed, without a new trial.

*Burke & Burke* (*Frank B. DeVine,* of counsel), for plaintiff.

*Victor H. Lane* (*Bulkley, Hauxhurst, Inglis & Sharp* and *Frank X. Cull,* of counsel), for defendants.

FEAD, J. In 1927 plaintiff purchased some bonds from defendants Otis & Company, through their agent Hayden. The bonds had not been accepted for filing by the Michigan securities commission as provided by the blue sky law, Act No. 220, Pub. Acts 1923. In 1932 plaintiff commenced this suit for rescission of the purchase and recovery of the price paid. His declaration is planted upon the statute, but contains the further allegation that plaintiff, at the time of purchase, did not know the law had not been complied with and, "due to the fraudulent concealment of this fact and the withholding from him by these defendants of this knowledge and information," he had only recently discovered the noncompliance. The declaration alleges that defendants were "dealers and salesmen within the meaning of Act No. 220, Pub. Acts 1923." Personal service was made upon Hayden and service on Otis & Company,

a foreign partnership, was made through the chairman of the Michigan securities commission, as provided in the statute.

The principal defense is the statute of limitations. Act No. 220, Pub. Acts 1923, § 20, provides:

"Every sale or contract for sale of any security, not accepted for filing under this act or made contrary to any order of the commission, shall be voidable at the election of the purchaser, and the person making such sale or contract for sale, and every agent of or for such seller who shall have participated or aided in any way in making such sale, knowing such sale to be in violation of this act, shall be jointly and severally liable to such purchaser, upon tender to the seller or in court of the securities sold or of the contract made, for the full amount paid by such purchaser, together with all taxable court costs, in any action brought under this section: *Provided*, That no action shall be brought for the recovery of the purchase price after two years from the date of such sale or contract for sale. No purchaser otherwise entitled shall claim or have the benefit of this section, who, having knowledge of the fact that such sale was made in violation of the provisions of this act, shall have refused or failed within a reasonable time to accept the voluntary offer of the person making the sale to take back the securities in question and to refund the full amount paid by such purchaser."

Plaintiff contends the two-year period of limitations was extended because (1) defendants fraudulently concealed the cause of action from him (3 Comp. Laws 1929, § 13983), and (2) defendant Otis & Company has been absent from the State (3 Comp. Laws 1929, § 13980). These exceptions are found in the general statute of limitations. There are no such saving provisions in the blue sky law.

The applicable rule is that, as the cause of action is created by statute, the statutory conditions, including the period of limitations, must be complied with. The limitation of time is a limitation on the right to recover.

"A positive distinction seems to be made between cases in which the limitation of time for bringing suit is contained in the statute which creates the liability and right of action and general statutes of limitations of the rights of action existing under other statutes or under the common law. In the former the limitation of time is a limitation of the right, and, as has been said, the suit cannot be maintained if not brought within the time limited. In the latter the limitation of time for bringing suit is a limitation of the remedy only, and it has been held that under such general statutes of limitation the defendant may be estopped from the benefit of the statute by an agreement waiving it, or by concealment or by fraud. The statute here in question creates a new liability, and takes away defenses formerly available, and the right of action therein created is conditioned upon its enforcement within a prescribed period. The action not having been brought within such period designated by the statute, it is lost, and the trial court ruled correctly in so holding." *Bement* v. *Railway Co.,* 194 Mich. 64, 68 (L. R. A. 1917 E, 322).

See, also, 77 A. L. R. 1050.

The general statute of limitations (3 Comp. Laws 1929, § 13976) and the saving provisions therein have no application to a cause of action created by statute and conditioned on time therein expressed. *Dahrooge* v. *Rochester German Ins. Co.,* 177 Mich. 442 (48 L. R. A. [N. S.] 906); *Rugland* v. *Anderson,* 30 Minn. 386 (15 N. W. 676); *Taylor* v. *Cranberry Iron & Coal Co.,* 94 N. C. 525; *Gengo* v. *Mardis,* 103

Neb. 164 (170 N. W. 841, 8 A. L. R. 134); *Rodman v. Railway Co.,* 65 Kan. 645 (70 Pac. 642, 59 L. R. A. 704); *Pittsburg, C. & St. L. R. Co.* v. *Hine,* 25 Ohio St. 629.

Judgment reversed, with costs and without new trial.

NELSON SHARPE, C. J., and POTTER, NORTH, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.