CORONA *v.* LENAWEE COUNTY ROAD COMMISSIONERS

SULLINS *v.* LENAWEE COUNTY ROAD COMMISSIONERS

1. HIGHWAYS—MUNICIPAL CORPORATIONS—NEGLIGENCE—STATUTES—NOTICE—CONSTITUTIONAL LAW.

The former notice provision of the general highway statute which required a person injured because of the defective condition of a street or highway in a city or incorporated village to give written notice within 60 days to the city or village where required by law to do so was held by the Michigan Supreme Court to be constitutionally void as to a claimant physically disabled so as to be unable to serve the notice as depriving him of due process of law (CL 1948, § 242.8).

2. HIGHWAYS—COUNTY ROAD COMMISSIONS—NEGLIGENCE—STATUTES—NOTICE—CONSTITUTIONAL LAW.

The notice provision of the general highway statute requiring

REFERENCES FOR POINTS IN HEADNOTES

[1–3] 40 Am Jur 2d, Highways, Streets, and Bridges § 579.
56 Am Jur 2d, Municipal Corporations § 680 *et seq.*

that a person injured by reason of a defective highway under the jurisdiction of a county board of road commissioners give written notice within 60 days to the board of road commissioners is constitutionally void as to the personal representatives of minor decedents killed in an accident claimed to be caused by the county board of road commissioners where the personal representatives were not appointed until after the expiration of the 60-day period because it deprives the personal representatives of due process of law (MCLA § 224.21).

3. HIGHWAYS—COUNTY ROAD COMMISSIONS—NEGLIGENCE—NOTICE—PREJUDICE.

A county road commission and its insurer which were given timely notice of all the necessary facts concerning an intersectional collision in which plaintiffs' decedents were killed, including the assertion that an attempt would be made to hold them liable because a stop sign was covered by a considerable amount of debris, thus obscuring decedents' view, were not prejudiced by the fact that the notice was not given by the personal representatives of the decedents, who were not appointed until after the time given in the statute for service of notice, where the only defect in the notice was that the writer of it did not represent the decedents but only the insurer of the automobile owner and the defendant road commission and its insurer had proper and ample opportunity to investigate all the circumstances surrounding the accident (MCLA § 224.21).

Appeal from Lenawee, Robert W. McIntyre, J. Submitted Division 2 October 12, 1971, at Lansing. (Docket Nos. 10111, 10112.) Decided October 26, 1971. Leave to appeal denied, 387 Mich 762.

Complaints by Opal Corona, administratrix of the estate of Gregory Corona, deceased, and by Pauline Sullins, administratrix of the estate of Sherry Mason, deceased, against Lenawee County and the Lenawee County Board of Road Commissioners for wrongful death. Accelerated judgment for defendants. Plaintiffs appeal. Accelerated judgment for Lenawee County affirmed; accelerated judgment for

Lenawee County Board of Road Commissioners reversed and remanded with instructions.

*Baker, Durst & Marr,* for plaintiffs.

*Hammond, Baker & Kralick,* for defendant Lenawee County.

*Foster, Lindemer, Swift & Collins,* for defendant Lenawee County Board of Road Commissioners.

Before: McGREGOR, P. J., and HOLBROOK and VAN VALKENBURG,* JJ.

HOLBROOK, J.  Plaintiffs' decedents, Gregory Corona and Sherry Mason, both 17 years of age, died of injuries resulting from an automobile accident at the intersection of two roads within the jurisdiction and control of defendants.  Gregory Corona drove the automobile in which he and Sherry Mason were riding through a stop sign and was struck by an automobile being driven on the intersecting road.

Within 60 days of the accident, the Coronas' insurance carrier, through its attorney, served notice upon the county road commission, one of defendants, as follows:

"25 August 1969
"Charles Waid, Commissioner and
"Edith Myers, Clerk
"Lenawee County Road Commission
"Adrian, Michigan
"Dear Sir and Madame:
"This is to give you notice of property damage and personal injuries sustained by our clients, Auto

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

Owners Insurance Company and their insured, Joe and Opal Corona.

"The accident occurred on June 29, 1969 at 6:30 p.m. at the intersection of Wilmoth Highway and Laberdee Road, Raisin Township, Lenawee County, Michigan. At such time and place there was a motor vehicle accident involving a motor vehicle driven by Constance Wagner, whose passenger was Wanda Wagner. This motor vehicle was proceeding east on Laberdee Road. The motor vehicle owned by Joe and Opal Corona was being driven by Gregory Corona, who had a passenger, Sherry A. Mason. This vehicle was proceeding south on Wilmoth Highway. At the time of the accident, the Corona vehicle proceeded through a stop sign and an impact occurred at the approximate center of the intersection.

"It is the claim of our clients and Sherry A. Mason's estate that the reason that the Corona vehicle drove through the stop sign was because the Lenawee County Road Commission had piled a considerable amount of limbs, brush and considerable debris in the approximate location of the stop sign so that said sign was not readily discernible to the driver of the Corona vehicle.

"As a result of said accident said Constance Wagner has lost a foot and suffered other serious injuries; and said Wanda Wagner has suffered serious injuries, the exact nature of which are unknown. Gregory Corona and Sherry A. Mason died as a result of said accident, and there are certain matters of property damage including damage to the motor vehicles, clothing, jewelry and items of a similar nature.

"At the present time there are no other witnesses known to the claimants except for Constance and Wanda Wagner. It is the intention of Joe and Opal Corona and the estates of Gregory Corona and Sherry A. Mason to hold the Lenawee County Road Commission liable both for their own injuries and possibly for the injuries sustained by Constance and

Wanda Wagner in the event the said Constance and Wanda Wagner bring a cause of action against Joe and Opal Corona.

> "Very truly yours,
> "[*signed*] Prosser M. Watts, Jr.
> "Prosser M. Watts, Jr."

On December 22, 1969, the defendants were apprised by letter of the limited authority of the writer of the August 25, 1969, letter to the defendant county road commissioners in response to an inquiry by defendant's insurance company. This letter reads as follows:

> "December 22, 1969
> "Michigan Mutual Liability Insurance Company
> "1026 East Michigan Street
> "Lansing, Michigan 48911
> "In re: Wagner—Corona—Lenawee County Road Commission
> "Gentlemen:
>
> "Mr. Davenport has requested clarification as to whom we are representing in the above matter. Mr. Watts of our office was originally contacted by a representative of Auto Owners Insurance Company, who insured the owners of the Corona vehicle.
>
> "Although we had been advised we were to be contacted by the Wagners; we never heard from anyone except Auto Owners. At this time our only client is Auto Owners Insurance Company who would evidently implead the Lenawee County Road Commission in the event action was brought against the driver and/or owner of the Corona vehicle by any injured party.
>
> "Very truly yours,
> "[*signed*] Wm. H. Walker
> "William H. Walker"

An affidavit of Mr. Prosser M. Watts, Jr., further explaining the facts and circumstances surrounding

his giving the notice was admitted in evidence at the hearing on defendants' motion for accelerated judgment.

Opal Corona, mother of Gregory Corona, petitioned the probate court on December 24, 1969, to appoint her as administratrix of her son's estate. Also, Pauline Sullins, mother of Sherry Mason, petitioned the Probate Court for the County of Lenawee on December 24, 1969, to appoint her as administratrix of her daughter's estate.

The Probate Court for the County of Lenawee issued letters of administration to Opal Corona as administratrix of the estate of Gregory Corona on January 22, 1970. Letters of administration were issued to Pauline Sullins as administratrix of the estate of Sherry Mason on January 26, 1970.

A complaint was filed in the Lenawee County Circuit Court in the above cases on February 13, 1970. The defendants, Board of County Road Commissioners of the County of Lenawee, and the County of Lenawee, filed a motion to quash service, a motion for summary judgment and for an accelerated judgment in both of the above entitled causes.

The first hearing on this matter was held on March 2, 1970. By stipulation between counsel, service on the Board of County Road Commissioners of the County of Lenawee was quashed. Notices of claim were allegedly served on March 12, 1970, on the chairman and the clerk of the Board of County Road Commissioners, County of Lenawee, by Opal Corona as administratrix of Gregory Corona, and Pauline Sullins, as administratrix of Sherry Mason. After service of amended summons, the defendants renewed their motions for accelerated judgment and summary judgment on April 9, 1970. Hearing on such motions was held on April 20, 1970. After hearing arguments on the matter, the court filed

written findings on May 26, 1970, holding that defendants were entitled to accelerated judgments because proper notices of claim were not timely given by the *proper parties* pursuant to MCLA § 224.21 (Stat Ann 1958 Rev § 9.121), and citing as authority the case of *Morgan* v. *McDermott* (1969), 382 Mich 333.

A judgment pursuant to such findings was entered and filed on June 26, 1970. A motion for rehearing was made by plaintiffs and after hearing arguments was denied by the trial court by order filed August 19, 1970.

The trial court in ruling on the motion for accelerated judgment stated in reference to the August 25, 1969 letter constituting notice to the defendants, the following:

"The letter goes on to very carefully comply with the 60-day requirement in the statute by stating exactly when the accident occurred, where it occurred, who was involved, what injuries were inflicted, and the names of all known witnesses to the occurrence."

It is evident from the facts in the case that defendants did not know that the writer of the letter and notice of August 25, 1969, was not representing the plaintiffs' decedents, until December 22, 1969.

In fairness to the trial judge we point out that at the time of the trial court's ruling on defendants' motion for accelerated judgment and denial of the plaintiffs' motion for rehearing, the Michigan Supreme Court had not, as yet, determined the case of *Grubaugh* v. *City of St. Johns* (Nov, 1970), 384 Mich 165.[1]

In *Grubaugh*, plaintiff, 19 years old, was a passenger in an automobile involved in an accident claimed

---

[1] Referred to in Mr. Justice Black's dissent in the case of *Morgan* v. *McDermott, supra*, p 370.

to be caused by a failure of the city to properly maintain its streets which resulted in plaintiff receiving serious injuries, including a brain concussion, fractured bones and loss of eyesight in both eyes.  It was alleged that he was unable to serve the City of St. Johns with the 60-day notice required by MCLA § 242.8 (Stat Ann 1958 Rev § 9.598) and the city charter because of his physical disabilities.  Nearly four months after the accident plaintiff filed a nomination of guardian with the Clinton County Probate Court naming Keith B. Grubaugh as his guardian. Keith Grubaugh, on behalf of plaintiff, filed a notice of claim with defendant city on September 5, 1961.  The trial court granted a motion for accelerated judgment on rehearing in favor of defendant, based on the cases of *Boike* v. *City of Flint* (1965), 374 Mich 462 and *Trbovich* v. *City of Detroit* (1966), 378 Mich 79.

As we read *Grubaugh*, the Michigan Supreme Court deals squarely with the issue to be determined in the instant case as appears on pp 175, 176, 177:

"It is argued in this case that our Court in *Moulter* v. *Grand Rapids* (1908), 155 Mich 165, held (pp 168, 169):

"'It being optional with the legislature whether it would confer upon persons injured a right of action therefor or leave them remediless, it could attach to the right conferred any limitations it chose. Whether the limitations imposed are reasonable or unreasonable in such cases are questions for the legislature, and not for the courts.'  The logical result of such a rule under that holding, and as advocated by defendant in the instant case, would be to legislatively divest plaintiff, under legal disability as he was during the 60-day period, of a vested right without due process of law.

"Under the statute a plaintiff could institute suit on the first or fifty-ninth day after the injury.  To

take away his cause of action on the sixty-first day because he could not meet the notice provisions of the act would deprive him of a vested right of action without due process of law.

"The reasons traditionally advanced for such differential treatment were expressed by our Court in *Pearll* v. *Bay City* (1913), 174 Mich 643, at p 647:

" 'The purpose of the charter provision is to furnish the municipal authorities promptly with notice that a claim for damages is made, and advise them of the time, place, nature, and result of the alleged accident, and a sufficient statement of the main facts, together with names of witnesses, to direct them to the sources of information that they conveniently may make an investigation.' See, also, *Northrup* v. *City of Jackson* (1935), 273 Mich 20; *Rottschafer* v. *East Grand Rapids* (1955), 342 Mich 43; *Harrington* v. *Battle Creek* (1939), 288 Mich 152; *Meredith* v. *City of Melvindale* (1969), 381 Mich 572.

"Even if we assume the above original policy considerations were once valid, today they have lost their validity and ceased to exist due to changed circumstances. In recent years most governmental units and agencies have purchased liability insurance as authorized by statute. MCLA § 691.1409 (Stat Ann 1969 Rev § 3.996[109]). In addition to insurance investigators, they have police departments and full-time attorneys at their disposal to promptly investigate the causes and effects of accidents occurring on streets and highways. As a result these units and agencies are better prepared to investigate and defend negligence suits than are most private tort-feasors to whom no special notice privileges have been granted by the legislature.

"In view of the above, we reject and overrule the reasoning under the rule in *Moulter, supra,* and condem the purely capricious and arbitrary exercise of legislative power whereby a wrongful and highly injurious invasion of rights is sanctioned and the liti-

gant who fails to submit the required notice of claim is stripped of all real remedy.

"We hold that the notice provisions of § 8 of chapter 22 of the general highway statute are constitutionally void as depriving claimant of due process of law.

"Since we dispose of this case on the basis of this plaintiff's right to due process, we do not discuss the briefed argument that the 60-day notice requirement in every case violates the equal protection clauses of the state and Federal Constitutions. Such question will undoubtedly arise in some new case where a fully competent adult is the victim."

Both of plaintiffs' decedents in the instant case were 17 years of age at the time of the accident and their resulting deaths. They had no legal representatives to speak for them until after the expiration date delineated in the statute for service of notice. We conclude that *Grubaugh, supra,* is applicable because plaintiffs' decedents were killed in the accident claimed to be caused by the defendant and no one was legally able during the 60-day period to give the required notice. To rule otherwise would be to reward a defendant or defendants in the event a plaintiff was killed, rather than temporarily maimed and incapacitated, as a result of an accident claimed to be caused by a defendant public entity.

We hold that the notice provisions of MCLA § 224.21 (Stat Ann 1958 Rev § 9.121) are constitutionally void as depriving claimants of due process of law.

Defendant county road commission has not nor can it claim any prejudice in this case. A timely notice was given of all the necessary facts concerning the accident including the assertion that plaintiffs would attempt to hold them liable. The only defect in the notice was the fact that the writer of the no-

tice did not represent the plaintiffs and the insurer of the owner of the automobile, but only the latter. There appears no question but that defendant county road commission and its insurer had proper and ample opportunity to investigate all the circumstances surrounding the accident.

The defendant County of Lenawee was not a proper party defendant and the accelerated judgment in its favor is affirmed.

For the reasons mentioned herein, we set aside the accelerated judgment in favor of the Lenawee County Road Commission dismissing the cause of action and remand to the circuit court for further proceedings not inconsistent with this opinion.

Costs to plaintiffs from Lenawee County Road Commission defendant, and costs to defendant County of Lenawee from plaintiffs.

All concurred.