LAMBERT v CALHOUN

Opinion of the Court

1. Limitation of Actions—Saving Provisions—Specific Time Limitation.

A specific legislative time limitation on bringing suit contained in a statute creating a cause of action excludes the operation of saving provisions contained in the general statute of limitations.

2. Limitation of Actions—Motor Vehicle Accident Claims Fund.

The limitation contained in the Motor Vehicle Accident Claims Act requiring suit against the Accident Claims Fund to be brought within three years is a limitation on the right to seek recovery from a previously immune source and both the right and the remedy created are exclusively controlled by the limitations contained in the act (MCLA 257.1118, 257.1128).

3. Limitation of Actions—Automobiles—Motor Vehicle Accident Claims Act—Minors.

A suit must be brought against the Motor Vehicle Accident Claims Fund within three years from the time the cause of action accrued and a minor's cause of action against the fund is not affected by the saving provision of the general statute of limitations that a minor entitled to bring any action shall have one year after his disability is removed to bring the action although the limitations period has run (MCLA 257.1118, 257.1128, 600.5851).

4. Limitation of Actions—Automobiles—Motor Vehicle Accident Claims Act—Tolling of Statute.

The institution of proceedings by an automobile insurance carrier pursuant to subrogation rights against an uninsured motorist involved in an automobile accident did not toll the three-year statute of limitations period of the Motor Vehicle Accident

References for Points in Headnotes

[1] 51 Am Jur 2d, Limitations of Actions §§ 138–199.
[2, 3, 5, 6] 51 Am Jur 2d, Limitations of Actions § 103.
[4] 51 Am Jur 2d, Limitations of Actions §§ 138, 182–185.

Claims Act, because the insurer cannot recover from the fund since the act prohibits indemnification by the fund in such a situation (MCLA 257.1118, 257.1122, 257.1128).

DISSENT BY HOLBROOK, J.

5. LIMITATION OF ACTIONS—AUTOMOBILES—MOTOR VEHICLE ACCIDENT CLAIMS ACT—MINORS.

*The Motor Vehicle Accident Claims Act, which provides that in all actions in which any person seeks to recover from the Motor Vehicle Accident Claims Fund the action must be commenced within three years from the date of the accident, did not create a new cause of action; therefore, the saving proviso embodied in the general statute of limitations, allowing a minor who is entitled to bring any action to have one year after his disability is removed to bring the action although the limitations period has run, applies to it (MCLA 257.1118, 257.1128, 600.5851[1]).*

6. LIMITATION OF ACTIONS—AUTOMOBILES—MOTOR VEHICLE ACCIDENT CLAIMS ACT—LEGISLATIVE INTENT—SAVING PROVISION.

*The Legislature's intent in passing the Motor Vehicle Accident Claims Act was to provide for recovery from the fund for those accident victims who normally would receive no compensation for their injuries because of uncollectibility from a guilty tortfeasor; excluding infants, incompetents and others disabled from bringing suit under the act by denying them the protection of the saving provision of the general statute of limitations which allows suit to be brought within one year after the disability was removed is directly counter to that legislative intent (MCLA 257.1101 et seq., 600.5851[1]).*

Appeal from Wayne, Victor J. Baum, J. Submitted Division 1 May 10, 1973, at Detroit. (Docket No. 14640.) Decided July 25, 1973. Leave to appeal applied for.

Complaint by Beverly Lambert, a minor, by her next friend, Carmie E. Lambert, against Esker Calhoun for damages for personal injuries received in an automobile accident. The Secretary of State, as Director of the Motor Vehicle Accident Claims Fund, intervened as a defendant. Accelerated judgment for the Secretary of State. Plaintiff appeals. Affirmed.

*Sommers, Schwartz, Silver, Schwartz, Tyler & Gordon* (by *Stanley S. Schwartz* and *Richard D. Toth),* for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Joseph B. Bilitzke* and *Carl K. Carlsen,* Assistants Attorney General, for the Secretary of State.

Before: J. H. GILLIS, P. J., and HOLBROOK and BASHARA, JJ.

J. H. GILLIS, P. J. Plaintiff, Beverly Lambert, was injured in an automobile accident on October 6, 1968. She was 14 years old at the time, and was a passenger in a car driven by James W. Holland. The negligence of Esker Calhoun, an uninsured motorist, was alleged to be the proximate cause of the accident. Plaintiff received an award from Holland's insurance company, which then sued Calhoun in Detroit Common Pleas Court pursuant to subrogation rights.

On November 27, 1971,[1] plaintiff, through her next friend, brought suit against defendant Calhoun in Wayne County Circuit Court. The Secretary of State intervened in the action pursuant to MCLA 257.1105; MSA 9.2805, and moved for accelerated judgment alleging plaintiff's claim against the Motor Vehicle Accident Claims Fund was barred by the three-year statute of limitations set out in MCLA 257.1118; MSA 9.2818,[2] and MCLA 257.1128; MSA 9.2828.[3]

---

[1] Approximately 3 years and 2 months after the accident.

[2] MCLA 257.1118; MSA 9.2818, provides: "In all actions in which recovery is to be sought against the fund, said action must be commenced within 3 years from the time the cause of action accrues".

[3] MCLA 257.1128; MSA 9.2828, provides: "All claims or actions under which any person seeks to recover from the fund shall be filed or commenced within 3 years from the date of the accident".

Plaintiff argued below that her minority saved her cause of action under the Motor Vehicle Accident Claims Act, by virtue of a provision in the general statute of limitations.[4]

The trial court granted the Secretary's motion. Plaintiff appeals raising three issues which we will consider *seriatim.*

It is well-settled that a specific legislative time limitation on bringing suit contained in a statute creating a cause of action excludes the operation of savings provisions contained in the general statute of limitations. *Holland v Eaton,* 373 Mich 34, 39–40; 127 NW2d 892, 895 (1964); *Genesee Merchants Bank v Bourrie,* 375 Mich 383, 390; 134 NW2d 713, 716 (1965); *Troy W Maschmeyer Co v Haas,* 376 Mich 289, 296; 136 NW2d 902, 904 (1965).

The entire concept of establishing a fund for the payment of judgments obtained against uninsured motorists, though remedial in nature, is new and did not exist at common law. *Steele v Wilson,* 29 Mich App 388, 392; 185 NW2d 417, 418–419 (1971). Like the dramshop act,[5] the limitation contained in the Motor Vehicle Accident Claims Act is on the right to seek recovery from a previously immune source and both the right and the remedy created are exclusively controlled by the limitations contained therein. See *Holland v Eaton, supra.* We hold the trial court properly ruled on that issue.

We do not consider that such a holding denies due process or violates equal protection of law.

[4] MCLA 600.5851(1); MSA 27A.5851(1), provides: "If the person first entitled to * * * bring any action is under 21 years of age * * * he or those claiming under him shall have 1 year after his disability is removed * * * to * * * bring the action although the period of limitations has run".

[5] MCLA 436.22; MSA 18.993.

Any claim of ambiguity or inconsistency engendered by the disparate wording of MCLA 257.1118, *supra,* and MCLA 257.1128, *supra,* has been overcome by the judicial interpretation in *Lisee v Secretary of State,* 388 Mich 32, 41, 42; 199 NW2d 188, 191, 192 (1972), which delineates the different legislative intendments of the two sections. Further, it is only recovery from the Motor Vehicle Accident Claims Fund that is barred by the limitation period, not the action against the uninsured motorist. All persons, whether infants or adults, seeking recovery from the fund must do so within the prescribed period, and such "nondiscrimination" is justified by the practical consideration that stale claims by anyone can prejudice an insurer's opportunity to investigate and preserve evidence, be they private companies or "funds" created by the government. See, *e.g., Oakland Motor Co v American Fidelity Co,* 190 Mich 74; 155 NW 729 (1916); *Wehner v Foster,* 331 Mich 113; 49 NW2d 87 (1951).

We cannot hold that the institution of proceedings by Holland's insurance carrier against Calhoun tolled the limitation period here in question. That suit did not, and could not,[6] seek recovery from the Motor Vehicle Accident Claims Fund for this incident. Defendant denies it received notice of the claim against the fund within the prescribed time limit and there is nothing in the record to refute this claim. *Cf. Lisee v Secretary of State, supra.*

Affirmed. Costs to appellee.

Bashara, J., concurred.

Holbrook, J. *(dissenting).* This writer is unable

[6] MCLA 257.1122; MSA 9.2822, prohibits indemnification by the fund of any insurer in such situations.

to subscribe to the prevailing opinion and therefore respectfully dissents. On the authority of *Holland v Eaton,* 373 Mich 34; 127 NW2d 892 (1964), the circuit judge ruled that the infancy exception contained in the general statute of limitations could not "save" plaintiff's cause of action. Plaintiff asserted that the savings provision of MCLA 600.5851(1); MSA 27A.5851(1), does apply to the Motor Vehicle Accident Claims Act, and that the holding of *Holland, supra,* was not applicable to the situation here. The language of *Holland* that is applicable here reads as follows at pp 39–40:

"It has long been a rule well-settled in Michigan that the intent of the Legislature, in including a time limitation on bringing suit *in a statute creating a right,* is that the savings provisions of the general statute of limitations are not applicable unless expressly included. *Bement v Grand Rapids & I R Co,* 194 Mich 64; 160 NW 424 (1916), *Bigelow v Otis,* 267 Mich 409; 255 NW 270 (1934). Plaintiffs contend that this rule has been modified by *White v Michigan Consolidated Gas Co,* 352 Mich 201; 89 NW2d 439 (1958). However, as the trial court in the instant case indicated, the *White Case* is distinguished from this case in that the Court there applied a savings clause of the general statute of limitations, by reason of policy considerations, to modify the compensable period created by the workmen's compensation act, rather than to extend the period within which any action must be commenced. It is the dissenting opinion (pp 214, 219) in the *White Case* which properly states the general rule." (Emphasis supplied.)

See subsequent authority in *Genesee Merchants Bank v Bourrie,* 375 Mich 383, 390; 134 NW2d 713, 716 (1965); *Troy W Maschmeyer Co v Haas,* 376 Mich 289, 296; 136 NW2d 902, 904 (1965). In *Maschmeyer* the Supreme Court emphasized the specific ruling of *Holland:*

"What is most significant in each case cited *[Holland, Bement* and *Bigelow, supra]* is that plaintiff commenced action after the limitational period contained *in the statute creating the cause of action.* And in each case, plaintiff asserted matters which, if true, would excuse the late filing and, hence, except plaintiff from the operation of the statute." (Emphasis supplied.)

It is clear, then, that if the Motor Vehicle Accident Claims Act creates a new cause of action, *i.e.,* a new right, its statute of limitations per the *Holland* rule would not be affected by the savings provisos of the general tort statute of limitations.

An analysis of the Motor Vehicle Accident Claims Act forces this writer to conclude that the provisions of that act applicable here did not create a new cause of action. Therefore, the savings proviso embodied in MCLA 600.5851(1); MSA 27A.5851(1), did apply to the three-year statute of limitations provision of the Motor Vehicle Accident Claims Act, and plaintiff's cause of action is saved. This conclusion rests on a number of grounds. In the first place, the Supreme Court has itself specifically described the Motor Vehicle Accident Claims Act as one *remedial* in character, rather than as one necessarily creating new substantive rights unknown at common law. In *Lisee v Secretary of State,* 388 Mich 32, 44, 46; 199 NW2d 188, 193, 194 (1972), the Court stated:

"The purpose of the Legislature in passing the Motor Vehicle Accident Claims Act was to compensate those persons who were injured as a result of the negligent operation of a motor vehicle by an uninsured person. * * *

"In dealing with this issue, we must not lose sight of the fact that this is *remedial* legislation to aid an innocent injured person. The Legislature intended that the Fund be available to promptly provide compensation for such injuries." (Emphasis supplied.)

The Court in *Holland, supra,* by way of contrast, was concerned with the interpretation of the dramshop act and its two-year statute of limitations; the dramshop act was conceded therein to be in derogation of the common-law rule because it created a *new cause of action.*

Secondly, the Motor Vehicle Accident Claims Act is structured in such a way that it becomes apparent when analyzing it that the Legislature did not create a new cause of action to arise when a claimant against the fund sued a *known* uninsured defendant. Sections 6 through 11 of the act (MCLA 257.1106–257.1111; MSA 9.2806–9.2811) are the operative sections when the uninsured motorist is known, like here. In such cases the Secretary of State *may* intervene, but his position is derivative from that of the uninsured defendant. The common-law right of the plaintiff to sue the uninsured defendant is not altered or expanded by these sections. On the other hand, the Secretary of State, if he chooses to intervene, has no new defenses. All that is different from the common law is that the tortfeasor is involuntarily insured by the state, and the victim if he is entitled to a judgment has an assured remedy from the fund. In contrast, §§ 12–21 of the act (MCLA 257.1112–257.1121; MSA 9.2812–9.2821) are the operative sections when the defendant is *unknown.* In such a case the plaintiff, in the interest of supplying him with a remedy, is given the Secretary of State as a defendant to stand in for the unknown defendant. Sections 12–21 have, in § 18,[1] a three-year statute of limitations. Subject to this writer's interpretation, § 28 is the statute of limitations applicable

---

[1] The circuit judge apparently felt that § 18 was *in toto* unconstitutional because of *Lisee, supra,* in text. *Lisee,* however, only held that the *notice provision* of § 18 was not jurisdictional, not that the section was unconstitutional.

when the uninsured defendant is known. Any other structural interpretation of the act would make §§ 18 and 28 redundant since they both prescribe a three-year statute of limitations for recovery against the fund. Conceivably, §§ 12–21 of the act, since they may be interpreted to create a right against the Secretary of State unknown at common law, might not be affected by the savings provisions embodied in MCLA 600.5851; MSA 27A.5851. While this might raise equal protection and due process problems, that issue was not before this Court since here plaintiff seeks recovery against a *known* defendant, in which action the Secretary of State has intervened. The statute of limitations contained in § 28 was correctly seen as applicable to this case by the court below, but it erred in finding the holding of *Holland, supra,* controlling. Sections 6–11 coupled with § 28 hang together and separably from §§ 12–21 but create no new cause of action. The former sections are remedial only, and as such the savings provision of the general statute of limitations apply to preserve plaintiff's cause of action until one year passes after she reaches the age of majority.

The policy behind the Motor Vehicle Accident Claims Act supports this conclusion. The purpose of the act, as stated, is to assure just compensation for those victims of accidents negligently caused by uninsured motorists. It might be validly argued that there is a rational state interest in denying effect of the savings provisions of MCLA 600.5851; MSA 27A.5851, where the real defendant is unknown and the Secretary of State is sued per §§ 12–21, since state claims might prevent the Secretary of State from making effective investigations of the accident in the fund's defense. Contrariwise, when the Secretary of State intervenes in an action where there is a known defendant under §§ 6–11 of the act he need not worry if the

case is old because the plaintiff was protected by the savings clause of the general statute of limitations. In such situations the Secretary of State's interests will presumably be protected by the real defendant's own defense of the matter, and if the defense is inadequate the Secretary of State has an *identified defendant from which to seek reimbursement* for any sums paid out of the fund as a result of the suit. The intent of the Legislature in passing the act was to provide a remedy for those accident victims who normally would receive no compensation for their injuries because of uncollectability from a guilty tortfeasor. By excluding infants, incompetents and others disabled from bringing immediate suit by denying them the protection of the saving provision of the general statute of limitations we would directly counter that legislative intent. The fund was created to provide just compensation for injured accident victims, and not so that it could merely be counted as another state bank account.

*Arguendo,* if the Motor Vehicle Accident Claims Act is applied so that plaintiff is denied protection of the savings clause of the general statute of limitations under §§ 6–11 of the act, the result would offend constitutional principles of due process. See *Grubaugh v St Johns,* 384 Mich 165, 175; 180 NW2d 778, 783–784 (1970); *Corona v Lenawee County Road Commissioners,* 36 Mich App 579, 588; 194 NW2d 46, 50 (1971). It is notable on this point that even though it is here held that the Motor Vehicle Accident Claims Act does not create a new cause of action, the Court in *Holland, supra,* was not confronted with the constitutional issues that would arise if a minor or other incompetent were not given the benefit of savings provisions of the general statute of limitations under statutes creating causes of action unknown at common law.

Accordingly, I would reverse and remand.