YELDER v STEVENS

OPINION OF THE COURT

1. LIMITATION OF ACTIONS—AUTOMOBILES—MOTOR VEHICLE ACCIDENT
   CLAIMS ACT—MINORS.
   A statute which provides a one-year grace period for those
   formally under a legal disability in which to commence an
   action which would otherwise be barred does not save a minor
   plaintiff's cause of action under the Motor Vehicle Accident
   Claims Act after that act's three-year limitation period has run
   (MCLA 257.1128, 600.5851[1]).

DISSENT BY WALSH, J.

2. LIMITATION OF ACTIONS—AUTOMOBILES—MOTOR VEHICLE ACCIDENT
   CLAIMS ACT—MINORS.
   *A statute which allows a minor who is entitled to bring any
   action one year after his disability is removed to commence the
   action even though the limitations period has run applies to an
   action under the Motor Vehicle Accident Claims Act (MCLA
   257.1128, 600.5851[1]).*

Appeal from Wayne, Thomas J. Foley, J. Sub-
mitted Division 1 October 2, 1973, at Detroit.
(Docket No. 15047.) Decided November 1, 1973.
Leave to appeal granted, 391 Mich 777.

Complaint by Raymond Yelder against Glen
Stevens and Dennis Williams for damages result-
ing from an automobile accident. The Secretary of
State, as Director of the Motor Vehicle Accident
Claims Fund, intervened as a defendant. Acceler-
ated judgment for the Secretary of State. Plaintiff
appeals. Affirmed.

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 51 Am Jur 2d, Limitation of Actions §§ 178–199.

*Rader & Eisenberg, P. C.,* for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Joseph B. Bilitzke* and *Carl K. Carlsen,* Assistants Attorney General, for defendant Secretary of State.

Before: DANHOF, P. J., and FITZGERALD and WALSH,* JJ.

DANHOF, P. J. This case arose out of an automobile accident which occurred on January 26, 1969. Defendant Williams was apparently the owner of the auto driven by defendant Stevens. Plaintiff, a minor at the time of the accident, was injured in the rear-end collison. The named defendants were uninsured, and the Secretary of State intervened as a party defendant pursuant to § 5 of the Motor Vehicle Accident Claims Act. MCLA 257.1105; MSA 9.2805.

Notice of intent to claim was given on May 22, 1969, pursuant to MCLA 257.1106; MSA 9.2806 as amended. Notice of claim was received within the six-month period set forth in MCLA 257.1118; MSA 9.2818. However, suit was not commenced until March 7, 1972, more than three years after the cause of action accrued. MCLA 257.1128; MSA 9.2828.

The trial court granted the Secretary of State's motion for accelerated judgment on the ground that the three-year limitation period had run, and thus plaintiff's cause was barred. Plaintiff appeals.

Plaintiff contends that his minority saved his cause of action under the Motor Vehicle Accident Claims Act, by virtue of a "savings provision" in MCLA 600.5851(1); MSA 27A.5851(1) which pro-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

vides for a one-year grace period for those formally under a legal disability.

This precise issue was decided contrary to plaintiff's position in *Lambert v Calhoun,* 48 Mich App 506; 210 NW2d 796 (1973). We adopt the majority opinion of *Lambert.*

Affirmed, costs to the intervening defendant.

FITZGERALD, J., concurred.

WALSH, J. *(dissenting).* I would reverse and remand for the reasons stated in Judge HOLBROOK's dissenting opinion in *Lambert v Calhoun,* 48 Mich App 506; 210 NW2d 796 (1973).